| 8 | 41 |
|---|---|
| 100a | 1478 |

## STONE *vs.* BENNETT.

1. Where there has been no contract for the payment of interest, an action cannot be sustained for the interest after the payment of the principal; but otherwise, where there has been an express agreement to pay the interest as well as the principal.

2. S. agreed to pay to B. one thousand dollars at the expiration of five years from the date of the agreement, and one hundred and twenty dollars interest, per annum, thereon, during the time, with the privilege of discharging the whole at any time; and further stipulated, that if he should, "at any time before the falling due of said bond, pay any part of it, *he shall be exonerated from interest on that part of the one thousand dollars paid*," and interest on the remainder should be calculated in the ratio of one hundred and twenty to one thousand. *Held:* That the true construction of this agreement was, that upon the payment of the principal, or any portion thereof, S. would be exonerated from the payment of accruing interest on the principal, or part thereof, paid, but not from the payment of interest that had accrued up to the time of such payment.

### APPEAL from Boone Circuit Court.

HAYDEN, KIRTLEY, and GORDON, *for Appellant.*

1. That the Circuit Court improperly admitted the agreement offered by Bennett to be read in evidence, under the averments and allegations of plaintiff's declaration.— 2 Black. Com., 379.

2. That the Circuit Court erred in permitting the deed for the right of way, or entrance to Stone's lot, to be read in evidence to the jury.— 2 Black. Com., 379.

3. That the Circuit Court erred in admitting the evidence given by Guitar, that he had left his lots, east of Stone's, unenclosed and open.

4. That the court below improperly refused the instructions offered by Stone's counsel.— 3 J. R., 229, Tillotson *vs.* Proctor; 3 Cow. R., 86, Williams *vs.* Houghtcling; 5 J. R., 267, Johnston *vs.* Brannan; 13 Wend., 660, Stephens *vs.* Barringer.

LEONARD, *for Appellee.*

1. The payment of the thousand dollars, before the maturity of the money bond of the 20th February, 1833, extinguished the annuity of $120 from that period,.

6

but did not release the obligors from the payment of so much of the annuity as had already then grown due, and therefore the three first instructions were properly refused.

2. The agreement of the plaintiff and defendant, contained in the article of agreement of February, 1833, are independent of one another, and therefore, even the total omission of the plaintiff to secure the defendant a right of entrance to the back part of the property, would afford no answer to the plaintiff's demand.

3. Admitting, however, that Stone's obligation to pay is dependent on Bennett's agreement to secure the right of way, yet the plaintiff tendered the defendant a reasonable and convenient way, and this was the only obligation imposed upon him by his agreement, and therefore the four last instructions were properly rejected.

4. The proof, by Guitar, that he had, at the request of the plaintiff, left an adjoining lot open and unenclosed, was given in support of the averment in the declaration, that defendant had always enjoyed an entrance to the back part of the lot; and although both the averment and the proof may have been immaterial, yet neither can have prejudiced the defendant, and can, therefore, furnish no ground for reversing the judgment.

NAPTON, *Judge, delivered the opinion of the Court.*

This was an action of assumpsit, brought by Bennett against Stone, to recover the interest due on a bond given by Stone, which was connected with a written agreement. The agreement was as follows:—"Article of agreement between James H. Bennett, of the first part, and Caleb S. Stone and Caroline Wilson, of the second part, all of the county of Boone, State of Missouri—witnesseth: The said Bennett hereby sells, to the second-mentioned parties, the mercantile house in which C. S. Stone and Nathaniel Wilson are now doing business, in the town of Columbia, situate on lot No. 214, with a front of ground on Broadway-street of twenty-three feet, running back seventy-one feet, with all the buildings and privileges thereon; and the said Bennett also binds himself to secure to the said parties second mentioned an entrance to the property back, by an alley of seven feet: for which the said Caleb Stone hereby obligates himself to execute, for himself and the above party, an obligation for one thousand dollars in gold or silver, payable in five years from the 20th February, 1833, and pay the said Bennett one hundred and twenty dollars per year interest on the paper during the time it runs, with the privilege of lifting said obligation at any time prior to its falling due, if he wishes. Now, if the second party shall pay, at any time prior to the falling due of the above-named bond, any part of it, they should be exonerated from interest on that part of the one thousand dollars which they may pay, and interest per annum, to be calculated on the remainder in the same proportion that one hundred and twenty dollars is to one thousand; the bonds to be passed on the confirmation of the title. Witness our hands and seals, this 20th day of February, 1833.                              "JAMES H. BENNETT.
                              "CALEB S. STONE."

The bond executed in pursuance of this agreement, was as follows:—

"$1,000.— On or before the 20th of February, 1838, for value received, we, or either of us, promise to pay unto James H. Bennett one thousand dollars; this bond being subject to an agreement made and entered into this day, in relation to a certain house and lot, now occupied by Stone & Wilson as a mercantile house: this the 20th day of February, 1833. "Caleb S. Stone. [Seal.] "Caroline Wilson." [Seal.]

The declaration alleged, that, by the article of agreement, it was agreed, that if the party of the second part should pay any portion of the said one thousand dollars prior to its falling due, then they should be exonerated from paying interest on the part so paid from the time of such payment; it further averred, that, on the 20th March, 1839, he, said plaintiff, did offer to convey to Mrs. Wilson and Stone the right of way agreed for, and tendered them a deed for this purpose, which they declined accepting; which deed he brings into court, with a tender to defendants of the same.

The declaration further avers, that, on the 23d of May, 1838, the defendants had paid the principal one thousand dollars, but had failed and refused to pay any interest, and for this suit was brought.

The defendant pleaded the general issue, and several other pleas amounting to the general issue, except the two last, which averred, that Bennett accepted the one thousand dollars in full satisfaction, and acquittance of the obligation.

The issues were found for plaintiff, who had judgment accordingly.

Before considering the proper construction of this agreement, which is the principal matter in dispute between the parties, it is proper to dispose of the question, whether an action can be sustained, for the interest of this bond, after the principal had been paid?

It is a general rule, that an action cannot be sustained for the interest of a demand after the principal has been paid; but this rule is only applicable where there has been no contract for the payment of interest.

In such cases, interest could only be recovered as damages for the non-payment of the principal debt, and therefore, where the debtor accept the full amount agreed to be paid, without saying any thing about interest, such payment is presumed to be in full satisfaction of the demand. But where there has been an express agreement to pay the interest as well as principal, the performance of one part of the agreement is no bar to an action for the non-performance of another part thereof.— Fake *vs.* Eddy's Executor, 15 Wend. R., 76.

The agreement between the parties here is, that the defendant will pay the plaintiff one thousand dollars, at the expiration of five years, from the date of the agreement, and one hundred and twenty dollars interest, per annum, on the paper during the time it runs, with the privilege of discharging the whole at any time; and concludes, that if defendant will pay, "at any time before the falling due of said bond, any part of it, *he shall be exonerated from interest on that part of the one thousand dollars paid*," and interest on the remainder should be calculated in the ratio of one hundred and twenty to one thousand.

It is contended that this agreement, when properly construed, means that the

defendant, upon the payment of the principal, or any portion thereof, should not only be absolved from the payment of *accruing* interest, but from the payment of the interest which *had accrued* up to the time of the payment.

This is not, in our opinion, a fair construction of the instrument. Granting that the words used will admit this construction, they will equally justify the construction assumed by the plaintiff, which is, that Stone was only exonerated from the payment of the accruing interest. Which, then, is the most reasonable construction? What rational man would make such an agreement as this would amount to, if we adopt the defendant's construction? According to this understanding of the intent of the parties, the contract is, that the defendant shall pay, at the end of five years, one thousand dollars, and interest at the rate of one hundred and twenty dollars a-year from the date, and then allows the defendant, if he will pay the principal at any time *up to the very day before the bond falls due*, he shall be absolved from all the interest that had accrued. What *motive* can be assigned for such a bargain? If prompt payment was the object, every inducement is held out to the obligor, by this interpretation of the obligation, to defer his payment until the last moment; for the longer payment is deferred, the greater will be the amount of interest avoided.

If the object was prompt payment at the expiration of the five years, all that portion of the bond relating to the interest from the date is superfluous and unmeaning. It is the duty of the Court to give effect to every clause of a written instrument, if it can be done consistently with the intention of the parties; and language is not to be considered as superfluous, merely because an *implication of law*, from previous clauses, would have rendered it unnecessary. The construction of this clause in the instrument, which limits the meaning of the word "interest" to accruing interest only, gives an operation to that clause, and one which is manifestly consistent with the intent of the parties, and should not therefore be rejected, because the law would have implied as much from previous stipulations in the same agreement.

The testimony and the instructions of the court, in relation to the right of way, which was agreed to be secured to plaintiff, have not been noticed, because we are of opinion that this agreement is entirely independent of defendant's obligation for the money, and was no bar to the plaintiff's right of recovery. It is true, that the performance of the plaintiff's covenant in that particular, was averred in the declaration; proof was introduced to sustain the averment, and the issue was found for the plaintiff.

Whether the issue was well found, will not be inquired into now, because the defendant has not been, in any event, injured by that finding.

To determine whether covenants be dependent or independent, resort must be had to the intentions of the parties, and the principles upon which this intent is to be ascertained are clearly laid down by elementary writers, and recognized by adjudged cases. One of the rules for the construction of covenants is this:— "Where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is construed to be an independent covenant." (1 Saun., 320.) This is especially so where the *per-*

*formance of part has been accepted.* (1 Esp., 129.) Here, the covenant for the alley constituted only a part of the consideration for the defendant's bond; the defendant had accepted a deed for the lot, and had taken possession of the lot. The plaintiff's failure or refusal to comply with his covenant, in this particular, would therefore have constituted no reason why he should not recover the consideration money.

The jury calculated interest on the sum of six hundred dollars, which was due at the maturity of the bond, and this is objected to, as an allowance of *interest on interest.* We see no objection to the verdict on this ground. The interest was not compounded whilst the note was running, but when it was due, the interest up to that time became a liquidated debt, upon which damages in the shape of interest were properly charged.

Judgment affirmed.