## SUCCESSION OF ANDREAS ANDERSON.

The functions of an executor are at an end when a judgment has been rendered on his final account and no appeal is taken from it.

When the final account of the executors had been opposed by the residuary legatees and the production of their bank book demanded, the judgment rendered on such opposition being unappealed from, is *res judicata*, and may be pleaded as a bar to a subsequent claim against them for 20 per cent. per annum interest, as the penalty under the statute for failing to deposit the money of the estate in bank.

Interest cannot be claimed distinctly from the principal; the law makes no distinction between interest claimed as damages and interest as in other cases; the interest should have been claimed on the trial of the opposition.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*G. & C. E. Schmidt*, for the legatees, appellants.     *Whitaker*, for executors.

VOORHIES, J.    *Ambrose Lanfear*, as agent of the residuary legatees of the late *Andreas Anderson*, is appellant from a judgment discharging a rule taken by him, on the 24th of April, 1856, on the testamentary executors, to hold them liable for the payment of interest at the rate of 20 per cent. per annum on all the sums collected by them for the succession and which they had failed to deposit in bank.

The plea of *res judicata*, one of the grounds relied on by the executors, is, in our judgment, a conclusive bar to the appellants' right of action.

In May, 1855, the residuary legatees were recognized as such under a judgment of the court below, and ordered to be put in possession of the succession in due course of administration.   On the 10th of November following, a final account was filed by the executors and opposed on several grounds by the agent, who also required their bank book duly liquidated to be exhibited, so as to ascertain if they had complied with the requirements of the law, and if not, to pay the penalty imposed for such neglect.   There was evidence taken upon this point.   The account thus rendered was, after having been modified in some respects as prayed for, duly homologated on the 19th of January, 1856, by a judgment of the court below, in which it was also ordered that *Lanfear* should be put in possession of the property and rights of the residuary legatees in the estate.   No appeal appears to have been taken from this judgment.   We must presume that the agent has been put in possession of the property thus adjudicated in favor of his principals.   The functions of the executors were therefore at an end; and the right to enforce the penalty under the statute for a failure to make such deposit, even had it existed, also ceased.

In the *Succession of Mann*, 4 An., 28, it was settled that interest could not be recovered distinctly from the principal, the law making no distinction between interest claimed as damages, as in the present case, and interest as in other cases.   For interest *ex mora* is in all cases a measure of damages.   It is, therefore, clear that the appellant is not entitled to a recovery on the rule ; that he should have insisted on the right of his principals to interest on the trial of his opposition to the account.   The facts in the *Succession of Pasquier*, 11 An., 279, on which the appellant also relies, are materially different from those in the present case.   The rule in that case was not cumulated with the provisional

account which was passed upon; consequently, the plea of *res judicata* could not avail the party who, besides, continued in office.

It is, therefore, ordered that the judgment of the court below be affirmed with costs.