Town of Mt. Morris v. Williams.

*Reversed and remanded.*

# Town of Mt. Morris
## v.
## Chester K. Williams.

*Municipal  Corporations—Municipal  Bonds—Action  on—Liability of Town for Interest after Maturity—On Bonds—On  Coupons.*

1. Municipal corporations are not liable for interest in this State except on express promise to pay it.

2. In an action against a town on its bonds, where the same called for ten per cent annual interest and each coupon was for one year's interest, but the coupons did not provide for interest after maturity, *held:* That it was the clear intent of the parties that the bonds should draw interest until paid, but that interest could not be recovered upon the coupons after their maturity.

[Opinion filed December 8, 1890.]

Appeal from the Circuit Court of Ogle County; the Hon. John D. Crabtree, Judge, presiding.

Mr. J. C. Seyster, for appellant.

Messrs. Hathaway & Baxter, for appellee.

C. B. Smith, P. J.   This suit was brought by the appellee against the appellant upon certain municipal bonds which it had issued.   The bonds had the usual interest coupons attached, for the amount of annual interest accruing on the face of the bond, until the maturity of the bonds.   The face of the bond called for ten per cent annual interest and each coupon was for the amount of one year's interest.

The coupons did not provide for the payment of interest after maturity.   The only defense made below was as to the amount the plaintiff was entitled to recover on the face of the bonds and the coupons.   Appellant contended that the plaintiff was not entitled to ten per cent or any other amount of interest on the face of the bonds after it became due, and further that the plaintiff was not entitled to any interest on the face of the coupon after they were due.   The court, however, disallowed both defenses and assessed damages for the plaintiff at the face of the bonds with ten per cent interest until the date of the judgment, and also at the amount of the face of the coupons with six per cent interest after due.

From that judgment this appeal is prosecuted, and it is assigned for error that the court allowed interest on the face of the bond and on the face of the coupon.   No other questions are involved in this case.   We think the court was clearly right in computing interest at ten per cent on the face of the bond, until the date of the judgment, for that was the contract.   It was clearly the intention of the parties that the bond should draw interest at the rate of ten per cent until it was paid, and such is the legal effect of the contract. Etnyre v. McDaniel, 28 Ill. 202; Phinney v. Baldwin, 16 Ill. 108.

But the court erred in allowing interest on the coupons after due.   This precise question was considered and determined in The City of Pekin v. Reynolds, 31 Ill. 529.   It was held in this case that municipal corporations were not liable for interest except upon an express provision to pay it, and that our statute relating to interest does not apply to municipal corporations, so as to make their debts draw interest, except upon an express promise to pay it.   It will thus be

seen that the liability which attaches to private individuals to pay six per cent upon matured debts and obligations does not apply to municipal corporations.

For the error in computing interest on the matured coupons the judgment is reversed and cause remanded.

*Reversed and remanded.*