GRAVES et al. v. SALINE COUNTY.

(Circuit Court of Appeals, Seventh Circuit. May 4, 1896.)

No. 173.

MUNICIPAL REFUNDING BONDS—VALIDITY—INSTRUCTIONS FROM SUPREME COURT.
　　The supreme court, having decided, in answer to questions certified by this court, that the county refunding bonds involved in this controversy were valid and binding obligations in the hands of innocent holders (16 Sup. Ct. 526), thereby disposing of all the questions involved in the case, this court accordingly reverses the decree below, enjoining the levy and collection of a tax to pay the bonds, and directs the dismissal of the bill.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

Geo. A. Sanders, T. C. Mather, and J. C. Mathis, for appellants.
Samuel P. Wheeler, for appellee.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

PER CURIAM. This suit was in equity, brought in the circuit court of Saline county, Ill., by the county of Saline, against the treasurer and auditor of public accounts of the state of Illinois and the collector of taxes and clerk of the court of Saline county, to restrain the levy and collection of the tax required to be levied by such auditor of the public accounts for the state of Illinois, to pay the interest on 100 registered refunding bonds of that county. The appellant Luther L. Graves, as one of the holders of such refunding

bonds, intervened in that suit, and procured the removal of the cause to the circuit court of the United States for the Southern district of Illinois. Upon such removal the appellants the Society for Savings, D. B. Wesson, and William Burgoyne, other holders of such bonds, also intervened therein for their interest. The court below decreed in favor of the county, issuing the writ of injunction demanded, and the cause was then appealed to this court, and, upon the argument, the court desiring to be advised upon certain questions arising in the cause, certified three questions to the supreme court of the United States, the second of which questions was as follows:

"Second. Are the funding bonds so issued by the county of Saline legal, valid, and binding obligations upon said county, in the hands of a bona fide holder for value before maturity?"

The supreme court has returned its affirmative answer to that question, and stated that such answer renders a formal answer to the other questions submitted unnecessary.

The statement of facts and the questions embodied in the certificate are as follows, and are also in substance included in the opinion rendered by the supreme court upon the certificate presented by this court, and reported in 16 Sup. Ct. 526:

### Statement of Facts.

The appellants were, prior to the year 1883, bona fide holders, for value, and before maturity, of certain bonds issued by the county of Saline to the Belleville & Eldorado Railroad Company and to the St. Louis & Southeastern Railway Company, respectively. These bonds ($75,000 in amount to the former, and $25,000 in amount to the latter, company, and bearing interest at the rate of 8 per centum per annum, payable semiannually) were issued under authority of acts of the general assembly of the state of Illinois, passed in the years 1861 (Priv. Laws Ill. 1861, p. 485) and 1869 (3 Priv. Laws Ill. 1869, p. 238) and pursuant to an election duly ordered and held according to law on the 9th day of October, 1869, and in payment of subscriptions to stock in said companies respectively, dated January 15, 1870, duly authorized by said election, upon certain conditions, one of which was that said railroad should be commenced within one year and completed within three years from the date of subscription, and another of the conditions was, that the St. Louis & Southeastern Railway should pass, and a depot be established, within one-half mile of the old courthouse in Raleigh and within one-half mile of the church in Galatia. These bonds to the St. Louis & Southeastern Railway Company were dated January 1, 1872, payable 20 years after date, with option of paying 5 years after date, and were issued and delivered to that company February 1, 1872, and were purchased in open market by the appellants, and for value, and without notice, prior to the year 1876. The railroad was never constructed within one-half mile of the old courthouse in Raleigh, or within one-half mile of the church in Galatia, but was constructed in a different direction, and the said condition was in no sense complied with, but was waived by the board of commissioners of said county after July 2, 1870. The time for the completion of the Belleville & Eldorado Railroad was by the board of commissioners of the county of Saline after July 2, 1870, extended from time to time, and until October 20, 1877, and the bonds were issued and delivered on the 19th day of April, 1877, being dated March 9, 1877, and payable 20 years after the 1st day of January, 1873, with option of paying 5 years after date.

The amendment to the constitution of the state of Illinois, which went into effect July 2, 1870, provided:

"No county, city, town, township or other municipality shall ever become subscriber to the capital stock of any railroad or private corporation, or make donations to or loan its credit in aid of such corporation: Provided, however,

that the adoption of this article shall not be construed as affecting the right of any such municipality to make such subscriptions where the same have been authorized, under existing laws, by a vote of the people of such municipalities prior to such adoption."

The bonds issued to the St. Louis & Southeastern Railway Company were valid obligations of the county in the hands of the appellants, under the decisions of the supreme court in the cases of Insurance Co. v. Bruce, 105 U. S. 328, and Oregon v. Jennings, 119 U. S. 74, 7 Sup. Ct. 124. The bonds issued to the Belleville & Eldorado Railroad Company were void, even in the hands of bona fide purchasers for value, within the decision of German Sav. Bank v. Franklin Co., 128 U. S. 526, 9 Sup. Ct. 159. The bonds to the St. Louis & Southeastern Railway Company were issued before, and those to the Belleville & Eldorado Railway Company were issued after, the decision of the supreme court of Illinois, in the case of Town of Eagle v. Kohn, 84 Ill. 292, decided in 1876. The validity of none of these bonds was at any time questioned by the county of Saline until December 30, 1889, and the county had annually paid the interest on all of these bonds from the time of their issue until they were exchanged for funding bonds of the county as hereinafter stated. The county of Saline has always retained and now has the stock in said railway companies obtained by it for the bonds so issued to said railway companies, respectively; but such stock is now, and always has been, wholly worthless, and of no value.

The general assembly of the state of Illinois, by act approved February 13, 1865, and by acts amendatory thereto approved April 27, 1877, and June 4, 1879, enacted as follows (Rev. St. Ill. 1881 [Cothran's Ann. Ed.] p. 1119; 2 Starr & C. St. p. 1877, c. 113:

"Section 1. That in all cases where any county, city, town, township, school district, or other municipal corporation, has issued bonds or other evidences of indebtedness for money, or has contracted debts, which are the binding, subsisting legal obligations of such county, city, town, township, school district or other municipal corporation, and the same, or any portion thereof, remain outstanding and unpaid, it shall be lawful for the proper corporate authorities of any such county, city, town, township, school district or other municipal corporation, upon the surrender of any such bonds or other evidences of indebtedness, or any number or portion thereof, to issue, in lieu or place thereof, to the owners or holders of the same, new bonds prepared as hereinafter directed, and for such amounts, upon such time not exceeding twenty years, payable at such place, and bearing such rate of interest, not exceeding seven per centum per annum, as may be agreed upon with the owners or holders of such outstanding bonds or other evidences of indebtedness: Provided, that bonds issued under this act, to mature within five years from their date, may bear interest not to exceed eight per cent. per annum. And it shall also be lawful for the proper corporate authorities of any such county, city, town, township, school district, or other municipal corporation, to cause to be, thus issued such new bonds, and sell the same, to raise money to purchase or retire any or all of such outstanding bonds or other evidences of indebtedness; the proceeds of the sales of such new bonds to be expended, under the direction of the corporate authorities aforesaid, in the purchase or retiring of the outstanding bonds or other evidences of indebtedness of such county, city, town, township, school district or other municipal corporation, and for no other purpose whatever. All bonds, or other evidences of indebtedness, issued under the provisions of this act, shall show upon their face that they are issued under this act, and the purpose for which they are issued, and shall be of uniform design and style throughout the state, to be prescribed by the state auditor, whose imperative duty it shall be to devise and prepare such uniform style and draft adapted to the classes of bonds herein provided for, namely: the first class to consist of bonds of which only the interest is payable annually; the second class to consist of those of which the interest and five per centum of the principal are to be paid annually, and the third class to consist of a graduated series; the first grade made payable, principal and interest, at the end of one year from the date of issue; the second at the end of two years, and thus to the end of the series, the class to be issued being at the option of the legal voters expressed as herein pro-

vided. In any case, the new bonds, or other evidences of indebtedness, authorized to be issued by this act, shall not be for a greater sum in the aggregate, than the principal and accrued or earned interest unpaid, of such outstanding bonds or other evidences of indebtedness. And when such new bonds, or other evidences of indebtedness, shall have been issued, in order to be placed on the market and sold to obtain proceeds with which to retire outstanding bonds, or other evidences of indebtedness, it shall be the duty of the state auditor, on the request of the corporate authorities issuing them, and at the expense of the corporation in whose behalf the issue is thus made, to negotiate the same, at not less than par value, and on the best terms which can be obtained: Provided, always, that any such county, city, town, township, school district or other municipal corporation issuing bonds under the provisions of this act, may through its corporate authorities duly authorized, negotiate, sell or dispose of said bonds, or any part thereof, at not less than their par value, without the intervention of the auditor of state: And, provided, further, that no new bonds or other evidences of indebtedness shall be issued under this act, unless the same shall be first authorized, as hereinafter provided by a vote of a majority of the legal voters of such county, city, town, township, school district, or other municipal corporation voting at some general election, or special election held for that purpose."

Under and by virtue of this provision of law, the board of commissioners of the county of Saline duly ordered an election to determine the question of issuing the bonds of the county for the purpose of paying and redeeming the bonds above stated, issued to the St. Louis & Southeastern Railway Company, and to the Belleville & Eldorado Railroad Company, and to another railway company, respectively, and at such election, duly held, according to law, on the 6th day of November, 1883, a majority of the legal voters of the county of Saline voting at such election voted in favor of such proposition. On the 15th day of November, 1883, the board of commissioners of the county, by order duly made and entered, ordered, in compliance with such vote, that 195 bonds of said county, of $1,000 each, be issued to take up and pay off the said bonds so issued to the St. Louis & Southeastern Railway Company, the Belleville & Eldorado Railroad Company, and said other company; and the duly constituted officers of said county thereafter, on the 1st day of July, 1885, issued the bonds of said county in strict conformity with said act, to the amount, in the aggregate, of $100,000, to take up and pay off the said bonds so issued to the St. Louis & Southeastern Railway Company and to the Belleville & Eldorado Railroad Company, each of said bonds being of the tenor and effect following:

"United States of America.                                       $1,000.

"State of Illinois, County of Saline, Funding Bond, Issued under the Act of 1865, as Amended April 27th, 1877, and June 4th, 1879.

"Twenty years after date, for value received, the county of Saline promises to pay to the bearer hereof, the sum of $1,000 in lawful money of the United States, at the office of the treasurer of the state of Illinois, in the city of New York, with interest at the rate of six per cent. per annum, payable annually, as shown by and upon the surrender of the annexed coupons as they severally become due, reserving, however, the right to redeem this bond at any time after five years from date. This bond is one of a series of 195 of like tenor, issued for the purpose of funding and retiring certain binding, subsisting, legal obligations of said county, which remain outstanding and unpaid, under the provisions of an act of the general assembly of the state of Illinois, entitled 'An act to enable counties, cities, towns, townships, school districts and other municipal corporations to fund, retire and purchase their outstanding bonds, and other evidences of indebtedness, and provide for the registration of new bonds, or other evidences of indebtedness, in the office of the auditor of public accounts,' approved February 13th, 1865, and acts amendatory thereto, approved April 27th, 1877, and June 4th, 1879, and in pursuance of a vote of the majority of the legal voters of said county, voting at an election legally called, under said act, the 6th of November, 1883. We hereby certify that all requirements of said acts have been fully complied with in the issue hereof.

"In testimony whereof, we, the undersigned officers of said county, being duly authorized to execute this obligation on its behalf, have hereunto set our signatures this 1st day of July. A. D. 1885.

"W. G. Frith, Chairman of the County Board.

"[Seal.]      W. E. Burnett, County Clerk."

Each of said bonds was duly registered according to law with the auditor of the state of Illinois, who indorsed upon each of said bonds the following:

"State of Illinois.                              $1,000.

"Saline County Bond.

"Date of bond, July 1st, 1885. Payable twenty years after date. Redeemable five years after date. Interest payable July 1st, annually. Principal and interest payable at the office of the state treasurer of the state of Illinois, in the city of New York, and state of New York.

"Auditor's Office, Illinois, Springfield, Nov. 23rd, 1885.

"I, Charles P. Swigert, auditor of public accounts of the state of Illinois, do hereby certify that the within bond has been registered in this office this day, pursuant to the provisions of an act entitled 'An act to enable counties, cities, towns, townships, school districts and other municipal corporations to fund, retire and purchase their outstanding bonds and other evidences of indebtedness, and to provide for the registration of new bonds, or other evidences of indebtedness, in the office of the auditor of public accounts,' approved February 13th, 1865, and acts amendatory thereto, approved April 27th, 1877, and June 4th, 1879. I further certify that the aggregate equalized valuation of property assessed for taxation in said county for the year 1885 was certified to this office as follows: Real estate, $1,362,931.00. Personal property, $477,-340.00.

"In testimony whereof, I have hereunto subscribed my name, and affixed the seal of my office, the day and year aforesaid.

"[Seal.]                      Charles P. Swigert, Auditor Public Accounts."

The county of Saline appointed an agent to solicit the exchange of bonds and obtained from the appellants and canceled the old bonds respectively held by them, and issued to them the funding bonds in lieu thereof. The county of Saline thereafter, until the year 1890, paid the annual interest on such new issue of bonds.

Questions.

First. Is the county of Saline estopped by the recital in the funding bonds to assert that the bonds issued to the St. Louis & Southeastern Railway Company and to the Belleville and Eldorado Railroad·Companies, respectively, and for which the funding bonds were exchanged were not binding, subsisting, legal obligations of said county?

Second. Are the funding bonds so issued by the county of Saline legal, valid, and binding obligations upon said county, in the hands of a bona fide holder for value before maturity?

Third. If the court should be of opinion that the funding bonds are invalid, would it be competent for the court in this cause, which is a suit in equity instituted by the county of Saline to restrain officers of the law from levying and collecting a tax as required by law to pay the interest upon the funding bonds, to grant the relief asked only upon condition that the county of Saline pay to the holders the amount of the valid bonds issued to the St. Louis & Southeastern Railway Company which were exchanged for the funding bonds?

The affirmative answer of the supreme court to the second question sustains the validity of the issue of the refunding bonds. The relief by injunction granted by the court below to the county of Saline was predicated upon its holding that the refunding bonds were invalid. This conclusion, as is determined by the supreme court, was erroneous. The opinion of the supreme court reviews and disposes of every question at issue necessary to be determined, and

no further discussion of the matter is needed at the hands of this court. The judgment will be reversed, and the cause remanded, with directions to the court below to dismiss the bill filed by the county of Saline for want of equity.