GEORGE K. SHOENBERGER

*v.*

THE CITY OF ELGIN.

*Filed at Ottawa November 9, 1896.*

1. INTEREST—*city not liable for interest except upon express contract.* Interest is not allowable against a municipal corporation by a master in chancery, upon a sum found due upon an accounting in chancery to a contractor for putting in a filtering plant, where there is no agreement to pay interest.

2. MUNICIPAL CORPORATIONS—*ratification by city of unauthorized purchase of tools.* Though a city employee had no authority to purchase for the city a certain tool which had been furnished by a contractor, yet upon appropriation of the tool to its use the city becomes liable to pay for the same.

*City of Elgin* v. *Shoenberger,* 59 Ill. App. 384, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

OLIVER & MECARTNEY, for appellant.

CLIFFORD & MORE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Edward H. Riddell brought his bill in equity in the circuit court of Cook county, against the city of Elgin and George K. Shoenberger, to compel the latter to account and pay over to him the amount found to be due

for his alleged share of the profits of constructing and putting in a filtering plant for the city of Elgin, and to enjoin the city from making any further payments to Shoenberger. The contract for putting in the plant was in writing between Riddell and the city, with specifications attached, and its performance by Riddell was guaranteed in writing endorsed thereon by Shoenberger. Afterward, to protect the latter, Riddell assigned to him the said contract, and, as between himself and Riddell, Shoenberger undertook the performance of the contract himself, Riddell to act as superintendent and to receive $5 per day (but not to aggregate more than $250) and a share in the profits. There was no agreement by the city to substitute Shoenberger for Riddell, but the evidence shows the city still regarded Riddell as the principal and Shoenberger as a sub-contractor only. The city made payments during the progress of the work to Shoenberger, under a power of attorney given to the latter by Riddell. Answers were severally filed by the city and Shoenberger, and the latter filed his cross-bill claiming upwards of $4000 for extra work and materials. Issues were made upon the bill and cross-bill, the evidence was taken before the master, who reported the same to the court with his conclusions, finding that the contract price for the plant was $12,500, of which the city had paid Shoenberger $8000 and should pay him the balance of $4500, and for extras $2507 additional. Exceptions were filed to the report, which were overruled by the court and a decree rendered dismissing Riddell's bill and finding in favor of Shoenberger, on his cross-bill against the city, the amount recommended by the master for extras and what remained unpaid of the contract price, the city having, during the pendency of the suit, paid the most of it, and did not dispute its liability in that regard except to claim credit for certain claims paid by it, chargeable to the contractor. The trial court also allowed interest on the net amount found due, at the rate

of five per cent from the date of the report. Riddell withdrew his exceptions and abandoned the cause before the final decree, but the city of Elgin appealed, and the Appellate Court found against Shoenberger as to the extras and interest, reversed the decree and remanded the cause, with directions to enter a decree against the city for $494.57, without costs. Of this amount $75 was for a tool furnished by Shoenberger; the rest the city admitted to be due and alleged its readiness to pay. From the judgment of the Appellate Court Shoenberger prosecutes this appeal.

We think it unnecessary to set out here the contract and specifications *in extenso* or in substance, but we have carefully examined and considered them, and the evidence showing the construction placed upon them by the parties during the progress of the work, as well as that relating to all the questions at issue, and we agree with the Appellate Court that the risk out of which the claim for extras principally grew was upon the contractor, and that Shoenberger was not entitled to any allowance for extras, nor was the city liable for interest. (*City of Chicago* v. *People*, 56 Ill. 327; *South Park Comrs.* v. *Dunlevy*, 91 id. 49.) The exceptions of the city to the master's report should, in the respects mentioned, have been sustained.

We shall not reverse the finding for Shoenberger as to the $75 for the ratchet and wrench, which was not included in the contract, for, whether the employee of the city had authority to purchase it or not, the evidence tends to show that the city used and appropriated it, and the liability to pay for it ought to follow.

We shall not inquire whether this case was one of equitable cognizance or not, for the parties have proceeded as if it were. Appellant by his cross-bill asked for the relief, and the appellee admits that it owes substantially all that is allowed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*