GRAVES v. SALINE COUNTY. ILL.

(Circuit Court of Appeals, Seventh Circuit. October 2, 1900.)

No. 680.

1. INTEREST—LIABILITY OF COUNTY—OVERDUE COUPONS.
    Under the law of Illinois, as declared by the supreme court, interest is recoverable only when authorized by statute, and the general statutory enactments on the subject do not apply to the state, or to counties, or municipal corporations, unless expressly so provided; hence interest is not recoverable on interest coupons from county bonds after their maturity, where they contain no agreement to pay interest.

2. SAME—ACCEPTANCE OF PRINCIPAL.
    Where interest is not stipulated for in an obligation, although it may be recoverable under the statute as damages, it cannot be recovered after acceptance by the creditor of full payment of the principal, and it is immaterial that he accepted the principal under protest.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

George A. Sanders, for plaintiff in error.

Sigel Capel, for defendant in error.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

WOODS, Circuit Judge. This is an action of assumpsit, brought on May 13, 1896, by George F. Graves, a citizen of Vermont, against the county of Saline, Ill., to recover the amount due upon 180 coupons. The bonds to which the coupons had belonged the supreme court and this court had declared valid. Graves v. Saline Co., 161 U. S. 359, 16 Sup. Ct. 526, 40 L. Ed. 732; Id., 34 U. S. App. 710, 20 C. C. A. 118, 73 Fed. 920. There seems to have been no appearance for the defendant, but on January 11, 1898, a rule to answer was entered, the entry containing a recital that the defendant had "been regularly served with process," and on the ensuing March 22d, "the defendant having failed to enter its appearance and plead pursuant to the rule" theretofore entered, "was three times solemnly called, and came not, but made default," and thereupon it was "considered by the court that the plaintiff has sustained damages by reason of the breaches of promises in his declaration mentioned; but because those damages are unknown it is submitted to the court to assess the same." On December 21, 1899, an entry was made showing the coming of the plaintiff by his attorney, the hearing of evidence by the court, and a general finding and judgment for the defendant. This is followed by an entry of "special findings of the court," from which it appears that "the plaintiff was the bona fide holder of the 180 coupons at $60.00 each," described in the declaration; that the bonds and coupons were duly registered; that under the law the state treasurer could pay only the face value of the coupons, "and no interest on coupons is paid by that office"; that demand for the face value of the coupons and for interest thereon from the date of maturity "was made on the state treasury," and the face value of the coupons, to wit, $10,800, was paid, and was received under protest by the attorney for the plaintiff in part payment of the claim in suit; and, finally, "that on December 21, 1899, the court found the issues for the defendant, and rendered judgment for the defendant for costs."

Raising no question of practice, counsel have addressed their discussion to the one question whether the plaintiff was entitled to a judgment for interest upon the coupons from the date of maturity, amounting to $3,523.08. The surrender of the coupons to the state treasurer at the time of the payment of the nominal amount thereof, though not stated in the findings, is conceded. Each coupon appears on its face to be "twelve months' interest" on a bond designated by number, but it contains in itself no contract for the payment of interest. The supreme court of Illinois, following the rule at common law that interest is recoverable in no case except upon an express agreement to pay it, has declared it well established in that state that interest can be recovered only when the statute authorizes it, and "may,

therefore, be regarded as dependent upon, and a creature of, the statute." Fowler v. Harts, 149 Ill. 592, 36 N. E. 996. And the further rule seems to be well established in that state that general statutory enactments authorizing or requiring the allowance of interest do not apply to the state, or to counties, townships, or other municipal bodies, unless it be so explicitly provided. Madison Co. v. Bartlett, 1 Scam. 67; County of Pike v. Horsford, 11 Ill. 170; City of Pekin v. Reynolds, 31 Ill. 529; City of Chicago v. People, 56 Ill. 327; Commissioners v. Dunlevy, 91 Ill. 49; Shoenberger v. City of Elgin, 164 Ill. 80, 45 N. E. 434; Town of Mt. Morris v. Williams, 38 Ill. App. 401.

It is urged in behalf of the plaintiff in error that section 2, c. 74, p. 973, Hurd's Rev. St. Ill. 1897, was enacted for the purpose of changing the rule on this subject; but that statute is expressed in the same general terms as the prior enactments which had been in force when the decisions cited were pronounced. It contains no mention of municipalities, and apparently was intended simply to change from six to five the rate of interest.

The judgment of the circuit court seems also to be justified by the rule that, where interest is not stipulated for in the contract and is recoverable merely as damages, or as an incident to the debt, it may not be recovered after acceptance by the creditor of full payment of the principal of the obligation. It has been often so declared. Protest at the time of the acceptance of the principal is of no consequence, and the rule that partial payment of a debt furnishes no consideration for the discharge of the whole is not applicable. Fake v. Eddy's Ex'r, 15 Wend. 76, and cases cited; Cutter v. Mayor, etc., 92 N. Y. 166; McCreery v. Day, 119 N. Y. 1, 23 N. E. 198; Stone v. Bennett, 8 Mo. 41; Suth. Dam. 677; Society v. Wells, 68 Me. 572; Succession of Anderson, 12 La. Ann. 95; Watkins v. Morgan, 6 Car. & P. 661; Robbins v. Cheek, 32 Ind. 328, and cases cited. See, also, Tuttle v. Tuttle, 12 Metc. (Mass.) 551. In Marks v. Trustees, 56 Ind. 288, the distinction pointed out in Robbins v. Cheek between cases upon contracts containing and those not containing a stipulation for the payment of interest seems to have been overlooked. The judgment below is affirmed.