WESTCHESTER TRUST COMPANY, Respondent, v. THE ESTATE OF EDWARD UNDERHILL, INCORPORATED, Appellant.— Judgment declaring that the plaintiff has a right to bring a separate action against the defendant upon its bond to recover certain installments of interest due, pursuant to the defendant's covenant contained in said bond, without losing the right to bring a subsequent action to recover the principal indebtedness and without the right in the defendant in the action to recover the interest to offset the market value of the property covered by the mortgage, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Davis, Adel, Taylor and Close, JJ.

## (December 30, 1938.)

In the Matter of the Application of ALEXANDER H. GEISMAR for Appointment as an Official Referee of the City Court of the City of New York.— Pursuant to authority conferred by section 119 of the Judiciary Law, as added by chapter 854 of the Laws of 1935, Honorable Alexander H. Geismar is appointed official referee of the City Court of the City of New York, such appointment to take effect as of the 1st day of January, 1939, and assigned to the City Court of the City of New York in the Counties of Kings, Queens and Richmond. Present — Lazansky, P. J., Hagarty, Carswell, Davis, Johnston, Adel, Taylor and Close, JJ.

In the Matter of the Application of CHARLES E. RUSSELL for Appointment as an Official Referee of the City Court of the City of New York.— Pursuant to authority conferred by section 119 of the Judiciary Law, as added by chapter 854 of the Laws of 1935, Honorable Charles E. Russell is appointed official referee of the City Court of the City of New York, such appointment to take effect as of the 1st day of January, 1939, and assigned to the City Court of the City of New York in the Counties of Kings, Queens and Richmond. Present — Lazansky, P. J., Hagarty, Carswell, Davis, Johnston, Adel, Taylor and Close, JJ.

## (December 31, 1938.)

HELEN M. ALLEN, Respondent, v. HARRY R. ALLEN, Appellant.— In an action for a separation, the order referred defendant's motion for the reduction of alimony to twenty-five dollars a week to an official referee, to take testimony and report his findings to the court, and in the meantime reduced the alimony to thirty-five dollars a week; denied defendant's motion to cancel arrears; found defendant in contempt for failure to comply with the terms of the final judgment, as modified, and fined him $2,670.50; and directed that he pay a counsel fee of $100, in install-ments of fifty dollars, for services upon the motion. Order, so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Davis, Adel, Taylor and Close, JJ., concur.