WILLIAM A. WELLS et al., Appellants, *v.* SALVATORE NUNZIATA et al., Defendants, and BIAGIO PREVETE, Defendant-Respondent.

WILLIAM A. WELLS et al., Respondents, *v.* SALVATORE NUNZIATA et al., Defendants, and MARGARET P. ORESTO, Defendant-Appellant.

Supreme Court, Appellate Term, Second Department, June 18, 1943.

*Julius Brandes* for appellants in first action and for respondents in second action.

*Abraham Apat* for Biagio Prevete, defendant-respondent in first action, and for Margaret P. Oresto, defendant-appellant in second action.

MEMORANDUM *Per Curiam.* Judgment unanimously modified on the law by striking therefrom the provision dismissing the complaint as to the defendant Prevete and by inserting a direction that plaintiffs have judgment against him as demanded in the complaint and as so modified, judgment affirmed, with twenty-five dollars costs to plaintiffs. So far as this record discloses, the defendant Prevete never parted with his interest in the real property. He was a joint obligor. He was not simply a surety. His relation to the property or the mortgage debt was not changed by his alleged failure to sign the second extension agreement (2 Williston on Contracts [rev. ed.] § 340). The plaintiffs never knowingly contracted with only three of the joint obligors. Defendant-respondent is estopped from claiming any release by plaintiffs' acceptance of the second extension agreement. From defendant-respondent's own testimony it must be found that the codefendant brother-in-law was the agent of the former and the knowledge of that agent was defendant's. That agent caused the extension agreement to be delivered to the plaintiffs with the representation that it had been executed by the defendant-respondent. Plaintiffs never consented to the substitution of three for the four obligors and they never intended to be bound apart from defendant-respondent. Under such circumstances there was no novation and defendant-respondent continued to be bound by the extension agreement which he had signed. The prior action did not result in the division of a single cause of action. (*Bank of New York* v. *Blumenthal*, 285 N. Y. 598; *Union Trust Co.* v. *Kaplan*, 249 App. Div. 280; *Westchester Trust Co.* v. *Estate of Underhill, Inc.*, 255 App. Div. 1013.) The mortgage as extended was subject to the moratorium statutes. (*Bank of New York* v. *Blumenthal, supra.*) No opinion.

MACCRATE, SMITH and STEINBRINK, JJ., concur.