244 So.2d 183 (1971)
FIRST NATIONAL BANK OF HOLLYWOOD, Plaintiff,
v.
Norman P. FREEDMAN, Defendant.
No. N-539.
District Court of Appeal of Florida, First District.
February 9, 1971.
Rehearing Denied March 3, 1971.
*184 Ellis E. Neder, Jr., of Sears, Dunlap & Sears, Jacksonville, for plaintiff.
Norman P. Freedman, Jacksonville, for defendant.
WIGGINTON, Acting Chief Judge.
This case is before the court on a question involving a proposition of law certified by the Circuit Court of the Fourth Judicial Circuit to be determinative of the cause and without controlling precedent in this state. We accept the certification and will proceed to render our decision thereon in accordance with the provisions of Rule 4.6, Florida Appellate Rules, 32 F.S.A.
The controlling facts have been stipulated to by the parties and are not in dispute. On December 24, 1964, defendant Freedman made, executed, and delivered to plaintiff, First National Bank of Hollywood, his promissory note in the sum of $75,000, payable on demand and bearing interest after date at the rate of five percent per annum, payable quarterly, until paid. On August 25, 1965, defendant made, executed, and delivered to plaintiff his additional promissory note for $36,500, payable sixty days after date with interest after date at the rate of five percent per annum until paid. A copy of each note is attached to and made a part of the certificate filed herein.
After both of the foregoing promissory notes became due and payable, plaintiff instituted an action at law against defendant seeking recovery of a judgment only for the interest due on each of the notes from their respective dates of execution. A final judgment was rendered in plaintiff's favor against defendant without contest on June 23, 1967, for all interest which had theretofore accrued on both notes.
On December 17, 1968, plaintiff instituted two separate actions against defendant, each for the purpose of recovering a judgment for the full unpaid principal sum due on each promissory note together with interest which had accrued from the date of the prior interest judgment on June 23, 1967. To each of these suits defendant answered denying the indebtedness claimed and interposing the defense that the judgment previously obtained by plaintiff against defendant for interest only on the same promissory note now sued upon constituted a complete bar to the action. The two suits were consolidated for the purpose of trial and upon consideration of the question or proposition of law on which the court's ultimate decision must turn, the Circuit Court of its own motion certified the following question for our consideration, to wit:

QUESTION
DOES THE SECURING OF A JUDGMENT FOR THE INTEREST THEN DUE ON A DEMAND NOTE BAR A LATER SUBSEQUENT SUIT FOR THE PRINCIPAL, ALTHOUGH IT WAS DUE WHEN THE ACTION FOR INTEREST WAS COMMENCED?
From the foregoing question there emerges the single proposition of law of whether the principal indebtedness evidenced by a promissory note and the interest due thereon, after maturity, must both be recovered, if at all, in a single action, or whether each may be recovered at different times in separate actions. It is the contention of plaintiff that the promise to pay interest contained in each of the promissory notes constitutes a separate and distinct cause of action and that a suit brought to recover only the accrued interest, after maturity, does not operate as a bar to the right of the holder to sue for recovery of the principal and subsequently *185 accrued interest in a later action. On the other hand, it is defendant's contention that interest due on a promissory note after maturity merges with the principal sum due and constitutes one single and indivisible demand, recovery of a part of which bars a subsequent action for the whole under the principle of law which prohibits the splitting of a cause of action.[1]
Although our research has failed to reveal any precedent in Florida which could be considered as controlling in resolving the question here considered, the proposition of law has been passed upon by courts of other jurisdictions. The majority of these courts appear to have held that where interest is reserved in a promissory note, it constitutes a separate and divisible covenant to pay to the same extent as the covenant to pay the principal sum and each may be made the subject of separate demands even after maturity. These courts hold that the recovery of a judgment for a part of the debt after maturity does not bar a separate demand for the whole.
In the early case of Sparhawk v. Wills,[2] Sparhawk made, executed, and delivered to Wills his promissory note in the sum of $4,000 payable in one year with interest payable annually. After the note matured Wills brought suit against Sparhawk only for the accrued interest then due on the note and recovered a judgment which was paid and duly satisfied. Sparhawk then brought suit to redeem the note without tender of payment of the principal amount due on the ground that the debt evidenced by the note had been paid. Sparhawk insisted that the note was an entire contract, not divisible, and that the holder having obtained one judgment on it into which the entire debt merged, payment of the judgment constituted payment of the debt in full. In rejecting this contention, the court said:
"* * * The contract thus assumes a very simple form: `I promise to pay the debt in one year; but if I do not, I will pay the interest at that time, and so at the end of each and every year until the debt is paid.' Being a promise to pay the debt at one time, and, contingently, to pay the interest at another or some other times, it must be construed as containing distinct promises, giving several causes of action; and these being several in their origin, no subsequent event can make them one and entire. * * *"
In Dulaney v. Payne[3] the plaintiff holder of a promissory note given him by defendant brought suit to recover the principal amount due together with accrued interest. The principal was payable twelve months after date with interest from date, payable semi-annually. The defendant maker interposed a plea of former recovery and contended that a judgment recovered by the plaintiff against defendant in a prior suit for accrued interest on the note after maturity barred the present action by which the maker sought to recover the unpaid principal sum due together with subsequently accrued interest. The court recognized the well-settled law to be that a party cannot divide an entire demand or cause of action and maintain several suits for its recovery. It also recognized the proposition that a recovery for a part of an entire demand will bar an action for the remainder if due at the time the first action was commenced. The court observed that what constitutes an entire or single demand is often a question of much difficulty, and the decisions of different courts are in disharmony on the question. In holding that the recovery of a judgment in the prior suit for accrued interest on the note after maturity did not bar the subsequent action in which recovery was sought for the unpaid principal sum due together *186 with subsequently accrued interest, the court said:
"* * * In the discussion of this question, Freeman on Judgments, § 238, says: `A note payable in one year, with interest payable semi-annually, comprises two distinct contracts,  one to pay the principal sum, and the other to pay the interest. A judgment after the principal is due, in an action for interest, does not merge both contracts.'
* * * * * *
"* * * The note upon which this action was brought provided that the interest should be paid semi-annually, while the principal debt became due in one year from the date thereof. It is but reasonable to presume, from the nature of the transaction, that it was contemplated by the parties, although the note was by its terms due in one year, that it should run for a longer term, but that the interest should be paid every six months. Under such circumstances it would be manifestly unjust to hold that a judgment for the interest after the maturity of the note would bar a recovery of the principal, and we are unable to sanction authorities which establish such a rule. If a separate action may be maintained upon each one of several notes which grow out of a single contract, upon the same principle and for the same reason a note containing a promise to pay interest at one time and the principal debt at another, may be the foundation of one action to recover the interest, and another to recover the principal."
In Peters v. Meyer[4] the holder of a promissory note brought suit to recover the principal sum due thereon together with interest accruing after maturity. The defendant maker interposed a defense in bar of the action by pleading that plaintiff, after the note matured, had brought an action for past due interest and obtained a judgment thereon and since both the principal and interest had matured at that time and constituted a single indivisible demand for the aggregate sum due, recovery of a judgment for a part of the debt in the prior suit barred the subsequent action for the remainder. In rejecting such defense, the court said:
"We concede appellant's contention that a single, entire and indivisible demand cannot, at the will of plaintiff, be separated and collected in separate actions; that plaintiff cannot split up an entire cause of action. It is against the policy of the law to permit a debtor to be subjected to the expense and annoyance that would necessarily result from such a course, but there is no authority, statutory or otherwise, that requires a party to join in one suit several distinct causes of action. * * *
"* * * While recognizing the doctrine that a recovery for a part of an entire indivisible demand will bar an action for the remainder, the great weight of authority is to the effect that a judgment for instalments of interest on a note will not bar a subsequent action for the principal, although it was due when the former action was commenced. A promise to pay a debt at one time and the interest at another is construed as containing distinct promises giving several causes of action and, being several in their origin, maturity of both will not make them one and entire. Dulaney v. Payne, 101 Ill. 325, 40 Am.Rep. 205; Wehrly v. Morfoot, 103 Ill. 183; Presstman v. Beach, 61 Md. 203; French v. Bates, 149 Mass. 73, 21 N.E. 237, 4 L.R.A. 268; Andover Savings Bank v. Adams, 1 Allen (Mass.) 28; Sparhawk v. Wills, 6 Gray (Mass.) 163; Stone v. Bennett, 8 Mo. 41; Butterfield v. Ontario (C.C.N.Y.) 44 F. 171; Nathans v. Hope, 77 N.Y. 420. See, also, 1 C.J. 1114, 1115; 1 R.C.L. 351, § 31; 22 Cyc. 1572, §§ 3, 4, and cases therein cited."
*187 In Gregory v. Jacobs[5] the plaintiffs held a bond and mortgage given by one of the defendants upon which plaintiffs obtained a judgment for interest only at a time when the principal was also due. The defendants contended that such action on the part of plaintiffs constituted a splitting of their causes of action which forfeited their right to maintain any subsequent action for the principal. In rejecting this contention the court recognized the general law to be that a single and indivisible demand must be prosecuted in a single suit and a party may not split up his cause of action and maintain several proceedings for various parts of his demand. With respect to the application of that principle of law to separate suits for recovery of principal and interest due on a promissory note after maturity, the court said:
"* * * Where interest is not payable by the terms of the contract, then it is not a part of the debt but an incident to it, and, since one cannot exist without the other, the two are inseparable and payment of one would discharge the other. Where interest is specifically reserved, however, it forms an integral part of the debt, and an acceptance of part, either of principal or interest, does not bar a subsequent claim for the whole. Crane v. Craig, 230 N.Y. 452, 461, 130 N.E. 609, 612. The latter situation is presented in the instant case. Interest, in and by itself, was one of the elements of the promise. It was one of the things that the mortgagor agreed to pay. It was not an adjunct to the obligation, but was part and parcel of it. In such character, it cannot be said that the interest and the principal then due constituted one single and indivisible demand, recovery of part of which bars a subsequent action for the whole. Union Trust Co. of Rochester v. Kaplan, 249 App.Div. 280, 292 N.Y.S. 152; Westchester Trust Co. v. Estate of Underhill, Inc., 255 App.Div. 1013, 9 N.Y.S.2d 575; Johnson v. Meyer, 242 App.Div. 798, 274 N.Y.S. 778; affirmed 268 N.Y. 701, 198 N.E. 565; Bank of New York v. Blumenthal, 260 App.Div. 919, 24 N.Y.S.2d 151, affirmed 285 N.Y. 598, 33 N.E.2d 539; Wells v. Nunziata, 180 Misc. 532, 43 N.Y.S.2d 224; Buell v. Sullivan, 250 App.Div. 780, 296 N.Y.S. 247; Werbelovsky v. Rosen Bros. News Agency, 249 App.Div. 758, 291 N.Y.S. 868."
Admittedly, there are decisions by other courts which reach, or appear to reach, a conclusion contrary to that reached in the decisions hereinabove cited.[6] Such contrary decisions result from the adoption of a theory of law which holds that the interest and principal due on a promissory note after maturity constitute one single and indivisible demand which must be recovered, if at all, in only one action brought on the entire debt. We are persuaded, however, that basic principles of honesty and fair dealing support the principles followed by the courts in rendering the decisions hereinabove referred to and represent the sounder view which should be adopted as the law of this state.
There is another and equally compelling reason why in the cases sub judice the recovery by plaintiff of a judgment for past due interest brought after maturity of the notes herein sued upon does not bar these actions. Each of the promissory notes here considered contains the following provision:
"* * * It is agreed that the exercise, or the omission to exercise by the said Bank, or the holder hereof, of any of the rights or the privileges hereby conferred on said Bank or the holder hereof, shall not waive or affect any other or subsequent right to exercise the same. * * *"
By the foregoing provision the parties agreed that plaintiff as holder of the notes *188 could bring suit for past due interest accruing thereon at any time it elected so to do, even after maturity of the principal sum due, and its omission to also seek judgment for the past due principal sum owing on the note at that time would not waive its right to institute a subsequent action for its recovery. This is in accordance with the general law of contracts which holds that a contract to do several things at several times is divisible in its nature if there is no manifestation of a contrary intent, and if the intention is expressly stated in the contract, there is no room for construction.[7] In the two promissory notes sued upon in these cases the defendant maker agreed to pay the principal sum of one note on demand and the principal sum of the other note within sixty days. He also agreed to pay a stipulated rate of interest at quarterly intervals on one note and annual intervals on the other. The agreement to pay interest is a separate and distinct covenant to the agreement to pay the principal amount, the time for complying with each of which may or may not coincide. Each of the several agreements constitutes separate and divisible demands which may be enforced separately or together at the option of the holder, and the omission to exercise one of such demands does not waive or affect the holder's right to subsequently exercise the same.
In view of our holding as hereinabove set forth it follows that the principle of law which prohibits the splitting of a single and indivisible cause of action is inapposite and not controlling.
For the foregoing reasons, the question certified as hereinabove set forth is answered in the negative.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] 1 Fla.Jur. 167, Actions, § 42.
[2] Sparhawk v. Wills (Sup.Jud.Ct.Mass. 1856), 6 Gray 163, 165.
[3] Dulaney v. Payne, 101 Ill. 325, 40 Am. Rep. 205, 207, 208-209.
[4] Peters v. Meyer (1936) 131 Neb. 847, 270 N.W. 312, 313.
[5] Gregory v. Jacobs (N.Y. 1945), Sup., 56 N.Y.S.2d 574, 576, aff. 269 App.Div. 921, 57 N.Y.S.2d 538.
[6] 1 Am.Jur.2d 654, Actions, § 139; 45 Am.Jur.2d 259, Interest and Usury, § 340.
[7] 17 Am.Jur.2d 759, Contracts, § 325.