SAMUEL WEHRLY

*v.*

DANIEL MORFOOT.

*Filed at Springfield March 28, 1882—Rehearing denied June Term, 1882.*

1.   FORMER RECOVERY—*of entire and separate demands—as, principal and interest.*   Where a promissory note, running, according to the face of it, for several years, provides that the interest shall be payable annually, and "if the interest is not so paid the entire principal sum shall immediately become due and payable," the omission to pay the interest for a given year will not operate to render the annual interest thus accrued and unpaid, together with the principal sum, an entire demand, in any such sense as will preclude a recovery for each year's interest as it shall accrue, in successive suits therefor.

2.   So where a recovery was had for one year's interest, under such a contract, it was held the judgment so recovered would not operate as a bar to a subsequent suit for the interest which had accrued in the succeeding year.

3.   Of course, if the prior action had been brought for the principal sum, and the interest which had accrued up to a particular date, then the recovery therein would bar any further suit upon the note, although it was for less than the amount actually due.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Greene County; the Hon. ALBERT G. BURR, Judge, presiding.

Mr. J. R. WARD, for the appellant:

In this State, on a note like this, the holder can recover the entire principal and interest due thereon in one action, on the first default in the payment of interest, before such note is due and payable in case of no default.   *Terry et al.* v. *Trustees,* 70 Ill. 237.; *Ottawa Northern Plank Road Co.* v. *Murray,* 15 id. 337; *Carlon* v. *Kenealy,* 12 Mees. & Wels. 139; *Blakely* v. *Lawrence,* 4 Esp. 147; *Siddall* v. *Rawcliff,* 1 Mood. & Rob. 263; *Hemp* v. *Garland,* (4 Q. B.) 4 Adol. & Ellis, N. S. 519; *Beckwith* v. *Nott,* 2 Cro. Jac. 504; Chitty on Bills, 678; 2 Parsons on Notes and Bills, 252, 394; *Streeter* v. *Streeter,* 43 Ill. 165.

A plaintiff can not. so divide an entire demand or cause of action as to maintain several actions for its recovery. And if he sues and recovers a judgment for a part only of such claim, the remaining portion is barred by that recovery. *Camp* v. *Morgan*, 21 Ill. 158; *Casselberry* v. *Forquer*, 27 id. 171; *Matthias et al.* v. *Cook*, 31 id. 87; *Drake* v. *Perry*, 58 id. 123; *Rosenmueller* v. *Lampe*, 89 id. 215; *Nickerson* v. *Rockwell*, 90 id. 463; *Wagner* v. *Jacoby*, 26 Mo. 532; *Pinney* v. *Barnes*, 17 Conn. 428; *Avery* v. *Fitch*, 4 id. 364; *Hopf* v. *Myers*, 42 Barb. 272; *Miller* v. *Covert*, 1 Wend. 489; *Firemen's Ins. Co.* v. *Cochran*, 27 Ala. 237; *O'Neal* v. *Brown*, 21 id. 485; *Dalton* v. *Bently*, 15 Ill. 421; *Gaddis* v. *Leesem*, 55 id. 555.

The principal of these notes was payable, absolutely, ten years after date, or before that period whenever a default in the payment of the interest annually was made. *McCarty* v. *Howell*, 24 Ill. 345; *Ernest* v. *Steckman*, 74 Pa. St. 13; *Jordon* v. *Tate*, 19 Ohio, 586; *Walker* v. *Woolen*, 54 Ind. 165; *Mattison* v. *Marks*, 31 Mich. 421.

Mr. HENRY C. WITHERS, for the appellee:

To constitute a judgment in a former suit an estoppel or bar, it must appear that the same subject matter had been passed upon and adjudicated in that suit. *Clemens* v. *Murphy*, 40 Mo. 121; *Ridgley* v. *Stillwell*, 27 id. 128; *Haight* v. *City of Keokuk*, 4 Iowa, 207; *Griffin* v. *Seymour*, 15 id. 32; *Duncan* v. *Holcomb*, 26 Ind. 379.

When the contract contains two distinct promises to be performed at different times, as, the payment of principal at a given time, and interest annually, a recovery of a year's interest, even after the maturity of the note as to the principal, is no bar to a suit for the principal. *Badger* v. *Titcomb*, 15 Pick. 413; *Cooke* v. *Wherwood*, 2 Saund. 337; *Perkins* v. *Hart*, 11 Wheat. 251; *Lord* v. *Belknap*, 1 Cush. 279; *Greenleaf* v. *Kellogg*, 2 Mass. 568; *Cooley* v. *Rose*, 3 Ind. 221;

*Walker* v. *Kimball*, 22 Ill. 538; *Perry* v. *Harrington*, 2 Metc. 368; *Rodemer* v. *Hazlehurst*, 9 Gill, 289; *Sterner* v. *Gower*, 3 W. & S. 136; *Sickles* v. *Patterson*, 14 Wend. 257; *Andover Savings Bank* v. *Adams*, 1 Allen, 28; *Sparhawk* v. *Wills*, 6 Gray, 163.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought to recover one year's interest, alleged to be due on February 3, 1881, on four promissory notes, three of them for $2000 each, and the other for $1600, on the latter of which there was paid on the principal $1150, February 2, 1879. Each one of the notes bore date February 3, 1877, and was payable ten years after date, with ten per cent interest per annum, payable annually, with this provision: "If the interest is not so paid, the entire principal sum shall immediately become due and payable." The interest on each note had been paid to February 3, 1879. The defendant pleaded in bar the bringing of a former suit for the one year's interest which fell due on February 3, 1880, and the recovery therein of the sum of $659.35. A demurrer to the plea was sustained, and the defendant abiding by his plea, judgment was rendered against him for the amount of the year's interest due February 3, 1881, which judgment, on appeal to the Appellate Court for the Third District, was affirmed, and defendant appealed to this court.

There is somewhat of ambiguity in the allegations of the plea as to whether they show that the former action was brought for the recovery of the interest, only, due on February 3, 1880, or for the whole principal of the notes and the interest due at that time. Of course, if for the latter, the recovery would be a bar to any further suit upon the notes, although it was for less than the amount due. But construing the averments of the plea most strongly against the pleader, as is proper, we think the fair showing of the plea

is, that the former suit was brought for the recovery of the interest, only, due February 3, 1880, and we so treat the plea.

The contention of appellant is, that upon the default in payment of the interest due upon each of the notes on February 3, 1880, the entire principal sum of each note became due and payable by the explicit terms of the note, and that the amount of the principal and the interest due upon each note thereupon became one entire demand and cause of action upon the note; that a plaintiff can not so divide an entire demand or cause of action as to maintain several actions for its recovery, and if he sues and recovers a judgment for a part, only, of such claim, the remaining portion is barred by that recovery. We do not see but what this case is precisely covered by the decision of this court at the last term in *Dulaney* v. *Payne*, 101 Ill. 325, which held that where a note is given, payable in one year, with interest payable semi-annually, a suit brought two years thereafter for and a recovery of the interest, is no bar to a subsequent action on the note to recover the principal. While there acknowledging the doctrine that a recovery for a part of an entire demand will bar an action for the remainder, we followed the authority of *Sparhawk* v. *Wills*, 6 Gray, 163, and *Andover Savings Bank* v. *Adams*, 1 Allen, 28, to the effect that judgment for installments of interest on a note would not bar a subsequent action for the principal, although it was due when the former action was commenced, they holding that a promise to pay a debt at one time and the interest at another, was to be construed as containing distinct promises giving several causes of action, and they being several in their origin, no subsequent act could make them one and entire.

Upon the authority of *Dulaney* v. *Payne*, the plea was bad, and the demurrer to it was properly sustained.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*