Jonathan G. Ade, Defendant in Error, v. Bertha Ade, Plaintiff in Error.

## Gen. No. 17,732.

1. NEGOTIABLE INSTRUMENTS—*form.* An instrument dated and signed by husband and wife which declares: "We owe our son Jonathan G. Ade the sum of $116.36, which sum he may either draw in small amounts from our business, or after the death of the father demand it from the mother, Bertha Ade, or from the administrator of the estate, if there should be any. However, the interest at six per cent. on the same shall be paid out yearly," will be construed as a promissory note due at death of the father and the statute of limitations does not begin to run until then.

2. INTEREST—*limitations.* When a note provides that interest shall be paid annually, the annual instalments of interest not paid before the debt becomes due are regarded as an incident of the debt, recoverable with it, and not barred by statute of limitations until the debt is barred and it is only when detachable coupons evidence the interest that the interest is barred before the principal.

3. LIMITATIONS—*bills and notes.* Limitations begin to run on a demand promissory note from its date.

4. INTEREST—*compound.* When interest is payable annually before note becomes due but not paid before suit on note, such interest cannot lawfully be compounded in judgment.

Error to the Municipal Court of Chicago; the HON. JOHN J. ROONEY, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed June 30, 1913. Rehearing denied and additional opinion filed July 14, 1913.

ALBERT H. FRY, for plaintiff in error.

BITHER, GOFF & FRANCIS, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

John G. Ade and Bertha Ade, his wife, gave to Jonathan G. Ade (son of John and stepson of Bertha), presumably on the day of its date, a document in the German language, the correct translation of which it was agreed at the trial is as follows:

"CHICAGO, March 1, 1895.

Herewith we, John G. Ade and Bertha Ade, declare that we owe our son, Jonathan G. Ade, the sum of $116.36, which is due him from the estate of his deceased brother, Emanuel G. Ade, which sum he may either draw in small amounts from our business or after the death of the father demand it from the mother, Bertha Ade, or from the Administrator of the Estate, if there should be any. However, the interests at six per cent. on the same shall be paid out yearly.

JOHN G. ADE,
BERTHA ADE."

John G. Ade died February 22, 1910, and Jonathan on April 5, 1911, sued Bertha Ade for the face of the instrument and interest, denominating it in his statement and in his affidavit of claim "a promissory note."

The defendant, Bertha Ade, contended that the suit was barred by the statute of limitations.

The Municipal Court, sitting without a jury, negatived this defense and gave judgment for $229.78, being a little less than the amount of $116.36 with interest (uncompounded) at six per cent for sixteen years. Thereupon Bertha Ade sued out this writ of error. Her contention is that the instrument in question "if it is a note at all is a note due on demand;" that being a demand note it became due after a reasonable time, and that more than ten years have passed since a reasonable time after date.

"Or," the plaintiff in error says, "it is a note due at one of three times, either on demand or after Bertha Ade became administratrix or from her personally." In that case plaintiff in error contends, "the statute begins to run from the time when the right to pursue the earlier remedy accrues."

We see no merit in these propositions. The instrument in question is undoubtedly a promissory note under the statute. No question of its negotiability arises. It is in the hands of the original holder. If it were a demand note, the statute of limitations would have begun to run from its date, not from "a reasonable time after date." But we see no reason for holding it a demand note. It certainly is inartificial in form and subject to construction, but it seems very plain that it could not be enforced until the death of John G. Ade. If it was at the option of the holder, Jonathan, to require it or any part of it before that event, who could settle what "a small amount" would be? In our opinion the provision, "which sum he may draw in small amounts from our business," was either non-effective and non-enforceable because depending on the agreement of the parties, or gave the option to the makers to pay in small amounts and thus stop interest. It matters not which is the correct view, because there is no contention that any sum was paid.

On the other hand, that after the death of John G. Ade, Jonathan was entitled to his money and could enforce the contract by suit against Bertha, seems equally clear.

We think the note became due at the death of John G. Ade, and that the statute of limitations did not begin to run until then.

The interest, which was not, and, although made payable annually, could not lawfully be compounded in the judgment (*Bowman v. Neely*, 137 Ill. 443), was a mere incident to the debt and followed the principal

at the rate specified in the contract. *Chicago Title & Trust Co. v. McGlew,* 90 Ill. App. 58.

The judgment of the Municipal Court is affirmed.

*Affirmed.*

Upon consideration of a petition by plaintiff in error for a rehearing herein the following additional opinion was filed on July 14, 1913.

PER CURIAM: The petition for rehearing filed by the plaintiff in error in this cause shows that counsel supposes that we overlooked the proposition raised and argued by the plaintiff in error that certain instalments of interest on the note involved were barred by the statute of limitations, whatever might be the law concerning the principal.

In filing the original opinion we thought that its last paragraph would be understood, as we intended it should be, as our decision upon this very point, with the grounds of it. As it has not been so understood, a fuller statement of our view may not be superfluous.

We hold, in the language of Chief Justice Shaw in *Ferry v. Ferry,* 2 Cush. (Mass.) 92: "The interest stipulated to be paid is regarded as incident to the debt and recoverable with it; and although the creditor may recover for the interest which accrues before the principal becomes due, yet if he forbear to bring his action for that purpose, as he may, the interest remains incident to the debt and may be recovered with it."

In consequence of this view the Supreme Judicial Court of Massachusetts held in *Ferry v. Ferry, supra,* that although the interest was, by the terms of the note sued upon, payable annually, and more than twenty years had passed since the first two instalments of interest became due, they were not barred by the statute of limitations. To the same effect is the decision of the Supreme Court of Vermont in *Grafton Bank v. Doe,* 19 Vt. 463, in which the court says, concerning interest which became due a longer time before

the action was brought than the statute of limitations provided:

"It is true that the orators might have instituted their suit for the recovery of the year's interest, but they were not bound to do so. The statute does not begin to run upon the demand until the principal, or at least some separate and distinct portion of the principal, becomes due and payable, and then only upon such distinct and separate portion. The accruing interest from year to year is not thus separated from the principal demand and consequently the statute of limitations does not run upon it until the principal is barred by the statute."

This doctrine is laid down in the text books also.

See Angell & Ames on Limitations, section 95, note 1.

It is only when detachable coupons evidence the interest that it may be barred before the principal.