No. 24,884.

*In re* ESTATE OF ANDREW DIVEN, Deceased, etc., WALLACE WILBERT DIVEN et al., *Appellants*, v. CLARENCE SILAS DIVEN et al., *Appellees*.

SYLLABUS BY THE COURT.

PROMISSORY NOTE AND CONTRACT—*Interest Payable Annually—Defaulted Payments of Interest to Become Merged Into Principal—Compound Interest—Statute of Limitations Did Not Run Against Interest Payments Until Maturity of Note.* The following instrument:

"FRANKLIN COUNTY, PA.,
April 12, 1874.

"At the expiration of my life I promise to pay for value received to Sarah J. Diven, my wife, or her heirs, from my estate or any part thereof $950.00, (Nine Hundred Fifty Dollars) at 6% interest from date, payable annually, and if interest be not paid to become as principal and bear the same rate of interest annually."

(Signed)    ANDREW DIVEN to Wife
SARAH J. DIVEN,"

is a valid obligation which warrants the compounding of interest and no interest having been paid thereon, the defaulted payments of interest became merged into the principal and the statute of limitations did not run against the annual accruals of interest until the maturity of the instrument.

Appeal from Franklin district court; HUGH MEANS, judge. Opinion filed January 12, 1924. Reversed.

*H. M. Funston,* of Ottawa, for the appellants.

*W. B. Pleasant,* and *Walter Pleasant,* both of Ottawa, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought to recover upon the following instrument:

"Promissory Note and Contract.
FRANKLIN COUNTY, PA.
April 12, 1874.

"At the expiration of my life I promise to pay for value received to Sarah J. Diven, my wife, or her heirs, from my estate or any part thereof $950.00 Nine Hundred Fifty Dollars, at 6% interest from date, payable annually, and if interest be not paid to become as principal and bear the same rate of interest annually.    Signed    ANDREW DIVEN to Wife
SARAH J. DIVEN."

On the same paper and immediately following the signatures was the following statement:

"Please notice that this is for money received from her grandfather, John Stazman estate, left to her as his granddaughter from his estate in which An-

drew J. Diven was appointed by the court to act as administrator for the estate in which the amount has never been paid to her.

Signed     ANDREW DIVEN."

The payee, the wife of the maker, died, and Andrew Diven, the maker, died in 1922. There is no controversy in the case as to the principal of the note, but the parties are divided as to the amount of interest that is recoverable. The plaintiffs contend that the interest not being paid annually became principal, that the interest payments due annually were not barred by the statute of limitations, and that plaintiffs were entitled to the sum named in the note with interest thereon for the intervening forty-eight years amounting to $15,500.

The defendants insist that the interest on the note became due and was payable at the end of each year, that the statute of limitations ran on each year's interest as it accrued, and that all the interest was barred except that which accrued the last five years preceding the death of the maker. The trial court held that the statute of limitations barred all the interest on the note except that which fell due and was not paid during the last five years of the maker's life. Judgment was given against the estate of Andrew Diven for $1,309.10.

In their appeal plaintiffs urge that the terms of the note do not provide that the interest shall become due annually. That it was optional with the payor to pay the interest at the end of each year or treat it as a part of the principal, that the failure to pay interest annually did not mature the indebtedness, either principal or interest, as the only time of payment mentioned in the instrument was the expiration of the maker's life. By the terms of the note the time of payment thereof was the end of the maker's life. It is the only time at which payment could be enforced and it contained no stipulation by which payment might be accelerated. While the note recites that interest is payable annually, payment at the end of a year is not enforceable since the stipulation is coupled with another giving the maker an option to consider the interest due and not paid as principal. It is competent for parties to contract that accrued interest may become as principal and that a legal rate of interest shall be charged on the augmented principal. The consideration for the compound interest is the forbearance to enforce the collection of the simple interest when it is due and thereafter it may be treated as principal and the agreed rate of interest allowed

Diven v. Diven.

thereon. When the interest is merged into the principal the statute of limitations does not run against it until the principal becomes due and payable. It is conceded that interest on interest may be agreed upon and collected where it does not exceed the maximum rate allowed by law, but plaintiff insists that interest was payable annually and that the interest for each year was a separate obligation which became barred at the end of five years. The holding of the court is that when the amounts of interest became due and were not fully paid, they were merged into the original principal and the statute did not run thereon until the note matured. It follows that the judgment must be reversed with the direction to award judgment for plaintiffs on the augmented principal in consonance with this rule.

JOHNSTON, C. J. (dissenting) : I am unable to concur in the ruling of the court. Granting that the promise to pay compound interest is valid, the stipulation that if interest be not paid annually to become as principal did not merge such interest debt in the expressed principal in the note. It became as principal, that is a new principal, a distinct obligation on which interest was payable. That it was so regarded and should be so treated is shown by the stipulation that the new principal should bear the same rate of interest as the note. If it was merged into and became part of the main principal, the interest provided for the express principal would have covered the increased principal and there would have been no occasion to provide for interest on interest.

Again, the courts generally hold that a promise to pay interest on interest before interest becomes due, is contrary to public policy and invalid while a promise to pay such interest after it accrues is valid and enforceable. (Note 33 L. R. A., n. s., 296.) A few courts hold that parties may agree in advance for the compounding of interest. (22 Cyc. 1488.) It is generally said that the consideration for a promise to pay interest on interest is the forbearance of the payment of the principal, but there was no consideration for that promise because the principal was not due and did not become due for about forty-eight years after the first payment of interest became due. Defendants are not contending that the promise made to pay compound interest is invalid but simply insisting that the statute of limitations began to run on the annual accruals of interest as they become due and that all were barred except those

which accrued during the five years preceding the maturity of the note. In my view if the promise to pay compound interest is treated as valid the amount due at the end of each year was a distinct and separate debt to be treated and draw interest thereon as the principal drew interest upon which an action might have been brought the same as if a coupon had been attached for the interest and when not paid the statute of limitations ran on each unpaid installment of interest after it accrued. The note did not have a shifting principal which changed annually as interest payments accrued, but the defaulted payments were debts which bore interest from their maturity. Such debts did not become an integral part of the principal stated in the note, but was a new obligation which is to be treated as principal that is to draw interest thereon the same as the principal. By the rule of compounding insisted upon by plaintiffs requiring a payment of interest upon interest upon interest, multiplied forty-eight times, the debt which was originally $950 becomes $15,500, and in my view the court correctly held that all of these additions were barred except those maturing within the last five years.

HARVEY, J. (dissenting) : I agree that the case should be reversed, but neither the opinion of the court nor the dissenting opinion by the Chief Justice correctly expresses my views.

The instrument is entitled, "Promissory Note and Contract"; then follows the so-called "note," which appears to be signed by both Andrew Diven and Sarah J. Diven; then follows an explanatory memorandum, signed by Andrew Diven. All parts of the document should be construed to ascertain, and give effect to, the intention of the parties. So construed, it is clear the parties contemplated that the principal sum, $950, should be paid after the death of Andrew Diven, out of his estate, to Sarah J. Diven if she be then living, but if she should not be living to be paid to her heirs. As to the interest, the parties agreed that the principal should bear interest at the rate of six per cent per annum, and further agreed (a) that it should be payable annually, and (b) if not paid to become as principal and bear the same rate of interest. It seems to be conceded that none of the interest payments were made, hence that element of the agreement need not be further considered. That leaves effective the alternative agreement (b) ; that is, the annual interest each year became as principal, payable at the death of Andrew Diven, out of his estate, to Sarah J. Diven if she be then living, if not, to

her heirs; and it bore the same rate of interest, six per cent per annum. It was the beginning of a new item of the obligation, not the termination of it. It seems clear these parties did not contemplate litigation between themselves over this interest; in fact, they endeavored to make litigation impossible by actually agreeing on how the matter should be computed and ultimately paid.

Sarah J. Diven died several years ago, Andrew Diven died April 10, 1922. As I interpret the instrument in question, the computation should be as follows: The interest for the first year, payable April 12, 1875, $57, was not paid, became as principal, was due at the time of the death of Andrew Diven, April 10, 1922, and bore interest at the rate of six per cent per annum. So this item of the obligation drew interest forty-seven years (lacking two days); the interest thereon was $160.74 and the amount of it $217.74. The second year's interest on the $950, payable April 12, 1876, was $57, became as principal, bore interest at six per cent per annum for forty-six years (lacking two days); the interest thereon was $157.32 and the amount of it was $214.32. In like manner, each year's interest on the $950 became as principal and thus became a separate item of the obligation which bore interest from that time until the death of Andrew Diven, at the rate of six per cent per annum. Computing each of these, the total, including the principal debt, due April 10, 1922, was $7,542.56.

The confusion of reasoning arises from treating the instrument purely as a promissory note, and attempting to apply to it rules of law specifically applicable to such notes. The parties themselves were not content to call this a promissory note—to them it was more than that, it was a "Promissory Note and Contract," and is signed not only by the promissor, but by the then living promisee. If we lay aside the "note" idea, and endeavor to ascertain from the entire document—title, obligation and explanatory memorandum—the meaning of the parties, and in doing so remember they were husband and wife, we have no difficulty reaching the conclusion above stated.

Appellee suggests in his argument that Sarah J. Diven having died intestate during the life of Andrew Diven, he, as one of her heirs, inherited a one-half interest in this "note"; hence, his estate should now be charged with one-half only of the amount found to be due upon the obligation. There is no merit in this contention; it over-

looks the agreement of the parties, which was to pay, at the death of Andrew Diven, to Sarah J. Diven, or to her heirs. It was an obligation to pay to A in one contingency—and that failing, to pay to B. Sarah's interest in this obligation was contingent; she was to be paid only in the event she survived Andrew, hence it was not a part of her estate which passed to her heirs at the time of her death.

The cause should be reversed with directions to allow appellant's claim in the sum of $7,542.56, with interest thereon at six per cent per annum since April 10, 1922.