EDWIN S. DICKERSON, PLAINTIFF, v. WILKES-BARRE AND HAZELTON RAILROAD COMPANY, DEFENDANT.

WILLIAM L, ALLEN, PLAINTIFF, v. WILKES-BARRE AND HAZELTON RAILROAD COMPANY, A BODY CORPORATE, DEFENDANT.

Argued March 1, 1924—Decided May 7, 1924.

**Statute of Limitations—Coupons to Bonds—Independent Simple Contracts to Which the Six-Year Limitation Applies.**

On motion to strike out answer.

Before Justices MINTURN and LLOYD.

For the plaintiff, Edwin S. Dickerson, *D. Trueman Stackhouse.*

For the defendants, *Katzenbach & Hunt.*

The opinion of the court was delivered by

LLOYD, J. These two cases were submitted together and involve the same question, viz., the legal sufficiency of the plea of the statute of limitations. Both plaintiffs are holders of detached coupons formerly annexed to bonds issued by the defendant. The coupons were all due and payable more than six years before the present suits were commenced and are in form, except as to number, as follows:

"WILKESBARRE AND HAZELTON .
  RAILROAD COMPANY      On the 15th day of
                                        May, 1915 ($25)
Will pay to bearer at the office of Guaranty Trust Company of New York, in the cityof New York, N. Y., TWENTY-FIVE DOLLARS, United States Gold Coin of the Standard existing May fifteenth, 1901.

Without deductions for taxes being six months' interest then due on its five per cent. gold bond No. 757.

($25)            N. C. YOST,         (28)
*Treasurer."*

The statute of limitations being pleaded it is contended by the defendants that the right of action accruing more than six years before suit the plaintiff is barred from recovery.

The coupon is a simple contract wherein the defendant, by its treasurer, promises to pay a certain sum of money at a certain time and place therein named. If it stood alone and wholly disconnected from any other obligation the holder would, by virtue of the statute of limitations, be obliged to commence his action within the statutory period of six years. It is contended, however, that the provision of the statute applicable to bonds applies, and that the limitation is sixteen years because of the fact that the coupon was, when executed, attached to a bond under seal. The relation of the coupon to a negotiable bond has been a fruitful source of consideration in the courts. The general trend of authority has been to hold that the detached coupon, when negotiable in form, is free from the conditions and limitations contained in the bond itself. 9 *Corp. Jur.* 50. And in this state that they form a distinct and independent contract. *Jones Co.* v. *Guttenberg,* 66 *N. J. L.* 666; *Mack* v. *American Tel. Co.,* 79 *Id.* 109; and finally in a case arising upon a coupon of this same issue of bonds (*Fidelity Trust Co.* v. *Wilkesbarre and Hazelton Railway Co.,* 120 *Atl. Rep.* 734), the Court of Errors and Appeals declared it to be a "separate and distinct indebtedness in the hands of a *bona fide* holder, and may be sued on regardless of the mortgage provision concerning the payment of the mortgage indebtedness." In that case the defendant sought the protection afforded the company by the bond itself in which it was provided that suit could only be maintained by the trustee. The defense was held to be unavailable because of the independent status of the detached coupon. In this it must be observed

that the independent status of the coupon is based not upon the construction of the bond nor upon the intentions of the parties resulting from such construction, but upon the absolute divorcement of the contract. If, therefore, the detached coupon constitutes in the hands of the holder a distinct and independent contract, represents a distinct and independent indebtedness, is free from the restrictions and limitations contained in the bond to which it was attached, it would be both illogical and unjust to attach to the coupon for the benefit of the holder the protection of the seal of the bond when considering the application of the statute of limitations, while denying to the maker the advantage of its protective features. No amount of discussion can make the proposition clearer than the plain statement. The plaintiff must come under the provisions of the bond in their entirety or be free from them all. The court of last resort has placed him in the latter class; the coupon stands by itself, is a simple contract obligation of the defendant to pay, and to it the statutory limitation of six years applies.

The motion to strike out the answer must be denied in both cases.