The only question here presented is whether the complainant is entitled to recover interest on his mortgage which *Page 252 
accrued more than six years prior to the commencement of this suit. The question is raised by the defendant Denis Maloney, a subsequent encumbrancer, the payment of whose claim depends upon whether or not interest accruing more than six years before commencement of the suit is allowed. The master reported the full amount of the principal of the mortgage, together with interest from its date in 1911, due the complainant. This interest, at five per cent., the rate specified in the mortgage, would amount to, approximately, $2,900. If the defendant's contention is correct, the amount of interest collectible would amount to, approximately, $1,200; the difference is about equal to the amount of the exceptant's lien.
The exceptant claims that where interest is payable annually, so much of the interest as accrued more than the statutory period before the action was brought is barred, notwithstanding the principal debt may not be barred, citing 33 Corp. Jur. 257; May
v. Ball, 108 Ky. 180; Dearborn v. Parks, 5 Me. 81; Heburn v.Reynolds, 132 N.Y. Supp. 460; Quackenbush v. Mapes,105 N.Y. Supp. 654. He also claims that the New Jersey decisions, in which it has been held that unpaid coupons detached from the bonds which they accompanied are barred in six years by the statute, are, by analogy, authority for this same proposition.
I cannot agree with the exceptant in this contention. Whatever may be the rule in other jurisdictions, the rule in this state is that interest is not barred until the principal debt is barred. There is an exception to this rule in the case of bonds to which interest coupons are attached, and it has been held in a number of cases in this state that such coupons, when detached, form a separate and distinct obligation from the bond to which they were formerly attached; that when detached they do not partake of the nature of the bond; that they are merely promises to pay, not under seal, and that they are therefore barred in six years; but these cases have no application to a mortgage or other sealed instrument bearing interest, but to which interest coupons were not attached. Detached interest coupons, which have *Page 253 
been held barred by the statute of limitations, in six years are payable to bearer and pass by delivery. On the other hand, interest accruing on a bond and mortgage, so long as not separated from the principal debt by the substitution of notes, assignment or otherwise, is as much a part of the principal debt as the principal itself. It is therefore not barred so long as the principal debt secured by the mortgage is not barred.
That this is so is conclusively shown by Colton v. Depew,60 N.J. Eq. 454, and Chancellor v. Seiberlich, 75 N.J. Eq. 501.
In the first case, foreclosure was sought of a mortgage for $17,000 on which no payment of interest had been made from December 22d 1876, to December 18th, 1896, the date the bill was filed. Interest was allowed for the full period. In Chancellor
v. Seiberlich the mortgage, which was the subject of foreclosure, was for $5,392.70, on which there had never been any payment of interest. The mortgage was dated May 12th, 1882; the case was decided April 21, 1909; interest amounting to $9,300 was allowed for this whole period, nearly twenty-seven years. The statute of limitations was interposed as a defense in both suits.
Examples of the rule respecting detached coupons are Mack v.American Telephone Co., 79 N.J. Law 109; Fidelity Insurance Co.
v. Wilkes-Barre Railroad, 98 N.J. Law 507; Dickerson v.Wilkes-Barre Railroad Co., 124 Atl. Rep. 512. All of these cases are based on the idea that the detached coupon forms a separate and distinct negotiable obligation, and is free from all conditions and limitations contained in the bond itself.
The exceptions are therefore overruled. *Page 254