In re Estate of Frederick R. Whipple, Deceased.
Cora E. Heintz, Appellee, v. Frank Z. Ames, Executor of the Estate of Fredrick R. Whipple, Deceased, Appellant.

Gen. No. 38,415.

Opinion filed May 26, 1936.   Rehearing denied June 12, 1936.

ANDREEN, WINSTIN & MEAD, of Chicago, and HUNTER, KAVANAGH & McLAUGHLIN, of Peoria, for appellant.

ERICH E. PACYNA, of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

Within the year allowed for filing claims in the probate court, Cora E. Heintz, claimant, filed her claim against the estate of Frederick R. Whipple, deceased, for money due and owing on certain interest notes secured by a mortgage on real estate. After the expiration of one year the probate court permitted her to amend the claim by including the principal mortgage note, which did not mature until after the expiration of the year allowed for filing claims, and also certain unpaid extension interest notes. The executor appealed to the circuit court from the order thus entered, where the cause was heard by the court *de novo* without a jury, and the order of the probate court allowing the filing of the amended claim was sustained. The executor appeals.

Upon the hearing in the circuit court the parties entered into a stipulation of facts, which may briefly be summarized as follows: That on October 10, 1933, letters testamentary were issued to Frank Z. Ames, as executor of the estate of Frederick R. Whipple, deceased; that an order fixing claim day in said estate was duly entered and notice thereof given by publication and posting, as required by statute; that an inventory of the estate was duly filed and approved, and that there are no known assets in the estate other than those listed in the original inventory; that on June 6, 1934, being within one year after the date of the issuance of letters testamentary, Cora E. Heintz

filed her claim for three extension second mortgage notes, of $300 each, together with interest thereon, secured by a second mortgage on real estate owned by decedent during his lifetime, a copy of which is as follows:

"State of Illinois ) ss.
  Cook County    )

"PROBATE COURT OF COOK COUNTY.

"Cora E. Heintz, being duly sworn, deposes and says that the annexed claim against the estate of Dr. Frederick R. Whipple, deceased, is just and unpaid after allowing for all just credits and that there is money due and owing to her on attached extended interest notes marked Exhibits 'A,' 'B' and 'C' the sum of $940; that she has no other claim against said estate except the extended principal note and remaining unpaid extension interest notes.

"(Signed) Cora E. Heintz.
"Subscribed and sworn to before me this 4th day of June, A. D. 1934.

"(Signed) Erich E. Pacyna,
Notary Public."

It was further stipulated that on October 31, 1934, being more than one year after the date of the issuance of letters testamentary, and pursuant to notice served on the executor, she obtained leave of the probate court to file instanter her amended claim for the total balance of $10,000 due on a second mortgage principal note against the same property securing the extension interest notes, and also for moneys which had become due on three additional extension interest notes for $300 each.

It was stipulated by the parties that "the only question involved in this proceeding is the right of said claimant, Cora E. Heintz, after the expiration of one year from the date of issuance of letters testamentary in this estate, to amend her original claim. . . . "

With reference to the filing of claims against the estate of deceased persons, and the time within which they may be filed, the Administration Act (sec. 70, par. 71, ch. 3, Cahill's 1933 Ill. Rev. Statutes) provides, in part, as follows:

". . . All claims and demands of whatever class not exhibited to the court within one year from the granting of letters as aforesaid shall be forever barred as to property and estate of the deceased which has been inventoried or accounted for by the executor or administrator; . . ."

The executor urges six separate points as ground for reversal, but we think the parties have by stipulation eliminated from consideration all questions except the one really involved, namely, whether claimant had the right, after the expiration of one year from the date of the issuance of letters testamentary, to amend her original claim as filed. Claimant argues that the statement in her original claim "that she has no other claim against said estate *except the extended principal note and remaining unpaid . extension interest notes,*" sufficiently reserved her right to amend the claim even after the expiration of one year, upon the theory that the language employed apprised the court and the executor that she had a further claim for principal and interest. It is conceded that the mortgage note holder may pursue three remedies, concurrently or consecutively, to enforce the payment of his debt; he may sue the mortgagor in assumpsit for a judgment on the personal obligation; he may sue in equity for the foreclosure of the mortgage; or he may recover the possession of the mortgaged property by an action of ejectment. In the case of a deceased's estate he may file his claim in the probate court in lieu of the first remedy. (*Rohrer v. Deatherage,* 336 Ill. 450.) In the original claim filed, the statement is made that claimant has no other claim against the estate than the sum of $940, evidenced by extended interest notes "A," "B" and "C" for $300 each, together with interest thereon, and while it is inferen-

tially stated that another claim exists for the extended principal note and the remaining extended interest notes, nothing appears therein to suggest that claimant intended to present to the probate court for allowance the principal note and remaining extension interest notes. In view of the other remedies available to claimant under *Rohrer v. Deatherage, supra,* it may just as well be presumed that she intended to enforce the payment of the principal indebtedness and remaining extension interest notes by foreclosure or otherwise.

Counsel for claimant cites several cases wherein amendments of claims filed in the probate court were allowed after the expiration of a year. One of these cases involves the claim of Cyrus S. Eaton and Selden E. Kline, copartners doing business as Otis & Co., against the estate of John W. Marshall, deceased, opinion No. 37,462, Appellate Court for this district. (Not published, abstracted in 278 Ill. App. 630.) In that case Otis & Co. had filed a claim against the decedent estate within the year, but no hearing thereon was had until the year had expired. Claimants then filed a petition for leave to have Eaton and Kline, the remaining partners of Otis & Co., substituted as claimants and have the claim allowed in their own proper names rather than that of Otis & Co., which was used as a trade name. The probate court and the circuit court on appeal both disallowed the motion. The Appellate Court reversed the order of the circuit court and allowed the amendment, on the ground that it did not constitute the filing of a new claim but simply permitted the prosecution of the same claim with the proper claimants substituted for the firm under which the claim was inaptly filed.

In other cases cited the question usually presented for consideration to the reviewing court was whether the amended claim constituted a new cause of action.

In *Dulaney v. Payne*, 101 Ill. 325, the court had under consideration a suit brought on a promissory note due one year after date with interest at 10 per cent, payable semiannually. Several days after the due date of the note suit was brought thereon, and in bar of the action there was pleaded a judgment rendered against defendants and in favor of plaintiffs more than two years after the date of the note. Upon an examination of the judgment which had been pleaded it appeared that it was for interest and did not purport to include principal (although the principal was overdue at the time the judgment for interest was entered). In discussing the question under consideration the court held that the promise to pay interest and the promise to pay principal were two separate demands and separate causes of action could be brought for each. In *Wehrly v. Morfoot*, 103 Ill. 183, the court reaffirmed its decision in the *Dulaney v. Payne* case, *supra*, by stating that it was "precisely covered by the decision of this court at the last term in *Dulaney v. Payne*," and that "a promise to pay a debt at one time and the interest at another, was to be construed as containing distinct promises giving several causes of action, and they being several in their origin, no subsequent act could make them one and entire." No cases pertinent to the facts in this proceeding are cited to the contrary, and under the authority of the foregoing decisions the rule seems to be well settled in this State that a note for principal and another for interest must be construed as containing distinct promises constituting different causes of action.

In line with this conclusion, claimant was barred by the Administration Act (Cahill's Ill. Rev. St. 1933, ch. 3, sec. 70, ¶ 71) from asserting what clearly appears to be a new cause of action, after the expiration of the year allowed for filing claims, and she

could not, under the authority of *Carlin v. City of Chicago,* 262 Ill. 564, amend her claim after the running of the statute by including a new cause of action therein.

It is urged by claimant that the new Civil Practice Act governs the probate and county courts of Illinois, and should permit her "to sustain the claim for which it is intended to be brought." (Illinois State Bar Stats. 1935, ch. 110, sec. 46, ¶ 174.) This provision was evidently intended to afford parties the right to take advantage of defects in form, such as the improper statement of a claim, but it was not intended to nullify the one-year limitation provided in the Administration Act and to permit amendments after the running of the statute, setting up entirely new causes of action.

If claimant had intended or desired to file her claim for the principal sum and the additional extension notes in the probate court rather than to exercise her right by way of foreclosure or ejectment, she could have done so under sec. 67 of the Administration Act, even though the principal note and additional extension interest notes had not matured within the year, and her failure so to do at the time she filed claim for extension notes "A," "B" and "C," or at any time within the year, indicates an election or decision on her part to enforce the balance of the mortgage debt in some other manner.

During the pendency of this cause claimant filed a motion in this court to dismiss the appeal, which was reserved to the hearing of the cause. The motion was predicated upon rule 1 of the Appellate Court rules, and also the decision in *West Side Trust & Savings Bank v. Damond,* 280 Ill. App. 343, relating to the time within which a report of proceedings or an agreed statement of facts are required to be filed. Inasmuch as the parties included in the record on

appeal their stipulation of facts, which was filed within the 60 days provided by the rules of this court, we think the point is without merit and the motion is denied.

For the reasons stated the order of the circuit court allowing the amended claim to be filed is reversed and the cause remanded with directions to disallow the amendment of the claim.

*Reversed and remanded with directions.*

SCANLAN, P. J., and SULLIVAN, J., concur.