**GARVY v. WILDER et al.**

**No. 7451.**

Circuit Court of Appeals, Seventh Circuit.

March 27, 1941.

Rehearing Denied June 19, 1941.

Wm. Simon, of Chicago, Ill., for appellant.

Frank T. O'Brien, T. J. Murtaugh, and Harold J. Tallett, all of Chicago, Ill., for appellees.

Before EVANS and KERNER, Circuit Judges, and BRIGGLE, District Judge.

716

EVANS, Circuit Judge.

Plaintiff relies chiefly on Casey v. Galli, 94 U.S. 673, 24 L.Ed. 168. He also asserts that a statutory bank stock liability is contractual in nature and that the Illinois statute provides (R.S. '39, Chap. 74, Sec. 2) for accrual of interest at 5% on liquidation of accounts and that the declaration of an assessment's due date is the equivalent of the settlement of accounts.

Appellees contend that the Federal statutory obligation for a national bank assessment does not draw interest; that no action may be maintained for interest where the principal has been satisfied by payment in full; that the Illinois decisions (in which state this action was brought) do not permit recovery of interest on Illinois bank stockholder's liability; that the interest liability herein, if any existed, is barred by the Illinois statute of limitations. Smith-Hurd Stats. c. 83, § 16.

The National Banking Act, 12 U.S.C.A. § 64, made no mention of interest on bank stockholders' assessments. It provided:

"The stockholders of every national banking association shall be held individually responsible for all * * * debts * * * of such association * * * to the amount of his stock therein, at the par value thereof * * *."

▇ The Illinois decisions hold that there is no liability for interest on stockholders' assessments. Munger v. Jacobson, 99 Ill. 349. Also, there is a general rule of law widely accepted, to the effect that a liability created by a statute does not draw interest. Corpus Juris, Vol. 17, p. 823, Sec. 144, states the rule as follows:

"*Actions based on statutes.* Where the right of action is given by statute and the measure of damages is fixed, interest cannot be allowed unless provided for by the statute. So where the damages are in the nature of a penalty fixed by statute without any reference to fault or neglect on the part of defendant, interest should not be allowed."

▇ Notwithstanding this rule and the cases supporting it, we are convinced, and so hold, that, under the federal authorities, interest liability attaches to national bank stock assessments. Casey v. Galli, 94 U.S. 673, 24 L.Ed. 168; Bowden v. Johnson, 107 U.S. 251, 2 S.Ct. 246, 27 L.Ed. 386; 7 Amer. Juris., Banks, § 100.

In Casey v. Galli [94 U.S. 677, 24 L.Ed. 168], the court said:

"The defendant demurred to the declaration, and assigned the following causes:— * * *

"4. That the declaration demands a larger sum than the defendant is required by the statute to pay, and also an additional sum by way of interest. * * *

"The sum to be paid being liquidated, and due and payable when the comptroller's order was made, it follows that the amount bears interest from the date of the order. Otherwise there would be no motive to pay promptly, and no equality between those who should pay then and those who should pay at the end of a protracted litigation."

In Bowden v. Johnson [107 U.S. 251, 2 S.Ct. 256, 27 L.Ed. 386], the court concluded the opinion by stating:

"The liability of the defendant bears interest from the date of said letter, August 13, 1875," citing Casey v. Galli.

▇ Liability for interest on a national bank stock assessment must be determined by the decisions of the Federal courts. It is not controlled by state court construction of state statutes which impose a liability on holders of stock in closed insolvent state banks.

▇ Interest liability attaches on the day the assessment was made payable. Rawlings v. Ray, 61 S.Ct. 473, 85 L.Ed. —, decided by the Supreme Court February 3, 1941. In this case the cause of action accrued, September 29, 1932.

▇ Two questions are definitely closed by the decision of Rawlings, Receiver, v. Ray, supra. The first one is that the statute of limitations of Illinois is applica-

ble. Supporting this holding are McDonald v. Thompson, 184 U.S. 71, 22 S.Ct. 297, 46 L.Ed. 437, and McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann. Cas. 500. The second question determined by the same decision fixes the date when the assessment accrues, as the date fixed by the Comptroller for its payment. The date of maturity of the cause of action is a Federal question. In other words, in this case the cause of action on the assessment accrued, September 29, 1932.

Rather unsettled, and in dispute, is defendants' contention that payment of the principal extinguished any interest that might otherwise accrue where the obligation for the indebtedness is imposed by state or Federal statute.

This court in Graves v. Saline County, 7 Cir., 104 F. 61, announced the rule which denied the right to recover interest after acceptance of the principal.

■ In view of the holding in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, our decision must now be overruled or limited in its effect to those states where such denial of liability for interest is the law. For, in Illinois, where this bank was located and where this action was begun, a contrary conclusion has been reached. Feldman v. City of Chicago, 363 Ill. 247, 254, 2 N.E.2d 102; Northwestern Yeast Co. v. City of Chicago, 301 Ill.App. 303, 309, 22 N.E.2d 781.[1]

It is apparent therefore that (a) the assessment drew interest; (b) the collection of interest was not defeated by the payment of the assessment (without interest) in full; and (c) the Statute of Limitations of Illinois governs.

The only remaining question is the effect, under the Illinois statute of limitations, of the payment of part of the indebtedness.

■ Payment of interest in Illinois tolls the statute of limitations. Stein v. Kaun, 244 Ill. 32, 91 N.E. 77; Berry v. Berry, 238 Ill.App. 507. Part payment of an indebtedness also tolls the Illinois statute of limitations. In re Swift's Estate, 267 Ill.App. 224, 227.

The narrower question, however, is the effect of the payment of the principal. It is persuasively argued that the payment of interest is a recognition of the existence of the debt and of a responsibility therefor,

whereas the payment of the full amount of the principal with a purposeful refusal to pay interest carries no such implication.

■ The rationale of the part payment doctrine, so it is argued, as a tolling of the statute of limitations, seems to be that where there is an acknowledgment of the existing valid obligation by virtue of the partial payment, the statute of limitations is tolled. Where there is a full payment of the principal and a refusal to pay interest because of a denial of liability therefor, there is no factual basis for the inference that the debtor is paying part of his debt and will pay the remainder, or an incidental part of his obligation, namely, interest. Support for this reasoning may be found in Vol. 17 Ruling Case Law, p. 923 (there being no decision by the Illinois courts on this precise question).

We quote from the Ruling Case Law, as follows:

(p. 921) "Although no provision was made either in the Act of James I or in Lord Tenterden's Act in respect to the effect of part payment on the operation of the statute of limitation, a judicial exception was ingrafted thereon at an early date, to the effect that a part payment of a debt or obligation would take it out of the operation of the statute. So it has been said that the effect of a part payment, in taking a case out of the operation of the statute or in enlarging the time during which an action may be brought, is not derived from any statutory provisions, but results from the decisions of the courts and depends wholly on the reason of these decisions. * * *

(p. 923) "A promise to pay cannot be inferred from the mere fact of payment of part of a debt, there being nothing to raise a presumption that it was a payment on account thereof. The principle on which part payment takes a case out of the statute is that the party paying intended by it to acknowledge and admit the greater debt to be due. If it was not in the mind of the debtor to do this, then the statute, having begun to run, will not be stopped by reason of such payment. Therefore a partial payment, in order to operate as a new promise so as to avoid the bar of the statute, must be made under such circumstances as to warrant the clear inference that the debtor recognizes the debt as an existing liability,

[1] See also Blaine v. City of Chicago, 366 Ill. 341, 8 N.E.2d 939.

For cases holding contra, see 100 A.L. R. 96.

and indicates his willingness or at least an obligation to pay the balance. The debt or obligation must be definitely pointed out by the debtor, and an intention to discharge it in part made manifest. * * "

■ Our conclusion is that there was no tolling of the statute of limitations when the obligor paid the full amount of the assessment. See United States v. Wilder, 80 U.S. 254, 13 Wall. 254, 20 L.Ed. 681; Blakeslee's Storage Warehouses v. City of Chicago, 369 Ill. 480, 17 N.E.2d 1, 120 A. L.R. 715; Hibbard, Spencer, Bartlett & Co. v. Chicago, 299 Ill.App. 614, 19 N.E. 2d 625 (opinion unpublished).

■ Applying these conclusions to the facts of this case we find ourselves confronted by the narrower and more perplexing question which arises from the fact that part of the interest accrued within five years from the date suit was begun, although it began to run before said date.

Unable to find an Illinois decision directly in point, we turn our inquiry to holdings of courts of other jurisdictions, without much greater satisfaction.[2]

Our conclusion from a study of all the decisions, is that where interest liability, as here, is traceable to court decision allowing interest, as distinguished from express obligation of the debtor (evidenced by coupon notes or agreement to pay compound interest), the statute of limitations begins to run from the date the obligation arose, in other words, from September 29, 1932.

It is true, there was a liability for interest for each day thereafter until the principal was paid. Nevertheless, the obligation arose when the assessment was paid, and liability therefor at all times disputed, the cause of action for interest was barred after the lapse of five years.

The judgment is affirmed.

BRIGGLE, District Judge.

I am in full accord with the opinion of the Court except that I am of the opinion that that portion of the interest accruing within five years preceding the filing of suit has not been barred by the Statute of Limitations.

On Rehearing.

EVANS, Circuit Judge.

■ On petition for rehearing, counsel confidently rely upon the recent decision of the Supreme Court of Illinois, Burnett v. West Madison State Bank, 375 Ill. 402, 31 N.E.2d 776. That case involved a suit by a creditor to enforce a bank stockholder's so-called double liability, created by the Illinois Constitution (Article XI, Sec. 6, Smith-Hurd Stats.). The suit was begun more than five years after the bank was closed by the state auditor, June 11, 1931. The Illinois Supreme Court held the creditor's suit against the stockholder arose out of a written obligation and the ten year (not the five year) statute of limitations was applicable.

This case is distinguishable on the grounds:

(a) That the instant suit is one by a *receiver* suing on an obligation of *statutory* rather than *contractual* origin. In the Burnett case the suit was by a creditor to enforce a liability and was held to be contractual in origin.

(b) The instant suit goes still further. It is not to enforce the original statutory liability, for that liability has been paid in full. The suit is for interest which is a superimposed liability (interest on statutory liability), a liability which the Illinois law does not recognize. On no theory could such a liability be construed as one arising out of a contractual obligation so as to fall within the Illinois ten year statute of limitations.

Finally, there is the fundamental question which grows out of the United States Supreme Court decision, which fixes the liability for interest. Under this decision, Casey v. Galli, 94 U.S. 673, 24 L.Ed. 168, liability for interest arose when the Comptroller of Currency fixed the due date of the assessment, September 29, 1932. If not tolled (and we have held it was not tolled by payment of the principal) then the liability expired five years from September 29, 1932. Interest may have accumulated each day, but the liability for interest was the same for each day's interest. That liability ceased to exist when the five year statute of

[2] See 12 Harvard Law Review, case note, page 284; Hollis v. Palmer, 1836, 2 Bing.N.C.,Eng., 713; Page on Contracts, Sec. 3440-1; Lovett v. Lessler, 99 N.J. Eq. 251, 132 A. 77; In re Diven's Estate, 115 Kan. 119, 222 P. 106, 36 A.L.R. 1081; Hoblit v. City of Bloomington, 71 Ill.App. 204. Ade v. Ade, 181 Ill.App. 577; Collyer v. Willock, 4 Bing. 313; Edwards v. German-American Trust & Savings Bank, 215 Ill.App. 164; In re Whipple's Estate, 285 Ill.App. 491, 2 N.E.2d 366; Wehrly v. Morfoot, 103 Ill. 183.

limitations became effective. It is the liability, not the interest due date, that is controlling. When the liability, as such, was extinguished, there existed no basis for interest, on any date. There exists no case for recovery of interest, because the liability for interest does not exist.

The petition for rehearing is denied.

BRIGGLE, District Judge, is of the opinion that the judgment should be for the plaintiff for that part of the interest which accrued within the five years from the date suit was commenced.